1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
9                                     AT SEATTLE

10  IN RE SUBPOENA TO
    JIMMY NGUYEN                           Misc. Case No.  2:20-mc-0026 RSL
11

12  IRA KLEIMAN, as the personal          **PLAINTIFFS' MOTION TO COMPEL**
    representative of the Estate of David  **COMPLIANCE WITH SUBPOENA**
13  Kleiman, and W&K Info Defense Research,
    LLC,                                   NOTE ON MOTION CALENDAR:
14                                         April 24, 2020
              Plaintiffs,                  WITHOUT ORAL ARGUMENT
15
        v.
16
    CRAIG WRIGHT,
17
    Defendant.
18

19

20

21

22

23

24  MOTION TO COMPEL                       ROCHE CYRULNIK FREEDMAN LLP
    (Misc. Case No. _____)                200 S BISCAYNE BLVD., SUITE 5500
                                           MIAMI, FL 33131
                                           (305) 753-3675

Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (collectively, "Plaintiffs") hereby move for an order compelling Jimmy Nguyen to comply with two subpoenas issued by the United States District Court for the Southern District of Florida (the "Subpoenas") in connection with an action pending in that district with a ***May 1, 2020 discovery cutoff***, and for which Plaintiffs have been attempting to serve Mr. Nguyen with ***since February 11, 2020***. If the Court is unwilling to grant that relief, Plaintiffs request an order either declaring that Mr. Nguyen, an attorney, was properly served with the Subpoenas, or authorizing Plaintiffs to serve him by certified mail, email, and Twitter.

## I)   <u>INTRODUCTION</u>

This action arises from Mr. Nguyen's refusal to comply with the Subpoenas, which were issued nearly two months ago in connection with an action pending against Dr. Craig Wright, the self-proclaimed co-inventor of Bitcoin, in federal court. Since then, Plaintiffs (using two different process-serving companies) have been unable to personally serve Mr. Nguyen at his home. Instead, Mr. Nguyen—who has been travelling with Dr. Wright since Plaintiffs informed Dr. Wright's attorneys that Plaintiffs intended to serve Mr. Nguyen—appears to be evading service.

Notwithstanding Mr. Nguyen's efforts, Plaintiffs have served him via email, certified mail, and Twitter—methods that are, under the circumstances, proper under Rule 45. Mr. Nguyen has, however, continued to ignore the Subpoenas, even though his response was due on March 24 and his deposition set for March 30. Plaintiffs are fully cognizant that the ongoing COVID-19 pandemic has disrupted every facet of life, including the judicial system. However, Plaintiffs remain obligated to meet deadlines in their underlying action, including a looming discovery cutoff. Mr. Nguyen should not be permitted to thwart those efforts and should,

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Misc. Case No. _____)

1

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL: (305) 753-3675

therefore, be ordered to comply with the Subpoenas. Plaintiffs note that Mr. Nguyen can fully comply with the Subpoenas electronically (production can take place via file sharing and the deposition through Zoom).

**II)** <u>**FACTUAL BACKGROUND**</u>

In February 2018, Ira Kleiman, as personal representative of his brother's estate, commenced an action (the "Florida Action") against Dr. Wright in federal court in Florida. *See Ira Kleiman v. Craig Wright*, No. 9:18-cv-80176-BB (S.D. Fla. Feb. 14, 2018, ECF No. 1). The complaint in the Florida Action was subsequently amended to add W&K Info Defense Research, LLC as a plaintiff. (*See id.*, ECF No. 24). The Plaintiffs in the Florida Action allege, among other things, that Dr. Wright misappropriated billions of dollars in bitcoin and intellectual property. With the exception of two causes of action, the remaining claims have survived both a motion to dismiss and a motion for judgment on the pleadings.

On August 27, 2019, in the Florida Action, Magistrate Judge Bruce Reinhart issued discovery sanctions against Dr. Wright on the basis that "Dr. Wright intentionally submitted fraudulent documents to the Court, obstructed a judicial proceeding, and gave perjurious testimony." (Freedman Decl., Ex. 1, at 28.) As part of those sanctions, the court deemed certain facts established for purposes of the Florida Action. On January 10, District Judge Beth Bloom reversed the sanctions on due-process grounds but indicated that she "agree[d] with [Judge Reinhart's] credibility findings relating to [Dr. Wright]." (Freedman Decl., Ex. 2, at 15.)

After the court reversed some of the sanctions imposed on Dr. Wright, it amended the operative schedule, setting the discovery deadline for April 17, 2020. (*See* Freedman Decl., Ex. 3.) On February 11, well in advance of that deadline, Plaintiffs caused the Subpoenas to be issued to Mr. Nguyen. (*See* Freedman Decl., Ex. 4 & 5.) Those Subpoenas required Mr. Nguyen

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Misc. Case No. _____)

2

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

1   to produce a number of documents to Plaintiffs within two weeks of service and sit for a

2   deposition.

3          On February 14, Plaintiffs notified Dr. Wright's attorneys that Plaintiffs intended to

4   subpoena Mr. Nguyen. Consistent with that notice, starting on February 14, Plaintiffs attempted

5   to serve Mr. Nguyen at his home in Seattle (which is equipped with video surveillance

6   equipment) on five separate occasions. Each attempt was unsuccessful, and, on March 11, the

7   process server provided Plaintiffs with a declaration to that effect. (*See* Freedman Decl., Ex. 6.)

8          On March 2, in a Joint Discovery Status Report, Plaintiffs notified the court that they

9   were attempting to serve Mr. Nguyen but had, at that point, been unable to locate him. (*See*

10   Freedman Decl., Ex. 7, at 2.) This statement was repeated in a number of cryptocurrency-focused

11   publications, including *Bitcoinist.com*, which ran an article titled "Craig Wright Lawsuit:

12   Kleiman's Lawyers Search for Jimmy Nguyen."[1]

13          On March 10, Plaintiffs' counsel emailed the Subpoenas to Mr. Nguyen, at an email

14   address that Mr. Nguyen had used to correspond with Plaintiffs' counsel about this very case as

15   recently as October 23, 2019. (*See* Freedman Decl., Ex. 8.) The email inquired whether Mr.

16   Nguyen was willing to accept service of the Subpoenas via email and requested that he reply by

17   March 13. Mr. Nguyen never responded.

18          Accordingly, on March 18, Plaintiffs contacted another process server, and requested that

19   they serve Mr. Nguyen. Despite making at least four additional attempts, this second process

20   server was similarly unable to personally serve Mr. Nguyen at his home.

21

22   [1] Ricardo Martinez, *Craig Wright Lawsuit: Kleiman's Lawyers Search for Jimmy Nguyen* (Mar. 3, 2020),

23   https://bitcoinist.com/craig-wright-jimmy-nguyen-former-nchain-ceo-hides-from-legal-summons/.

24

PLAINTIFFS' MOTION TO COMPEL       3       ROCHE CYRULNIK FREEDMAN LLP
COMPLIANCE WITH SUBPOENA              200 S BISCAYNE BLVD., SUITE 5500
(Misc. Case No. _____)                     MIAMI, FL 33131
                                      TEL.: (305) 753-3675

On March 24, Plaintiffs filed a motion in the Florida Action to depose Mr. Nguyen after the discovery cutoff date of April 17, based on Plaintiffs' inability to personally serve him. (*See* Freedman Decl., Ex. 9.) In response to that motion, the court extended the deadline for discovery to May 1. (*See* Freedman Decl., Ex. 10, at 4.)

On March 27, Plaintiffs served the Subpoenas on Mr. Nguyen via certified mail to his last known home address. The Subpoenas were delivered on April 1. (*See* Freedman Decl., Ex. 11.)

On March 29, Plaintiffs served the Subpoenas on Mr. Nguyen via Twitter. (*See* Freedman Decl., Ex. 12.) Mr. Nguyen—despite having a very active Twitter account—did not respond, although his business associate, Calvin Ayre, did. (*Id*.) Plaintiffs' attempt to serve Mr. Nguyen received further publicity from *Bitcoinist.com*, which concluded, in an article titled "Bitcoin Association President Served Subpoena Over Twitter," as follows: "Nguyen could provide important information that could help resolve the case. However, it appears that like Wright, the Los Angeles attorney would rather play games with the court than cooperate."[2]

Unfortunately, based on a review of Mr. Nguyen's Twitter page,[3] the press appears to be correct. Since February 14, the date on which Plaintiffs notified Dr. Wright's attorneys that Plaintiffs intended to subpoena Mr. Nguyen, Mr. Nguyen has spent a substantial amount of time travelling outside of the country with Dr. Wright himself. (*See* Freedman Decl., Ex. 14.) For example, on February 20, Mr. Nguyen posted a photograph of himself with Dr. Wright in

---

[2] Trevor Smith, *Bitcoin Association President Served Subpoena Over Twitter* (Mar. 30, 2020), https://bitcoinist.com/bitcoin-association-served-subpoena-via-twitter/. Twitter Analytics demonstrate that as of April 2, the service tweet was extremely visible. Specifically, the service tweet was seen 18,596 times, was liked 141 times, "retweeted" 23 times, and replied to 45 times. (*See* Freedman Decl., Ex. 13.)

[3] @JimmyWinMedia, Twitter, https://twitter.com/JimmyWinMedia?ref_src=twsrc%5Egoogle%7Ctwcamp%5Eserp%7Ctwgr%5Eauthor (last visited Apr. 1, 2020).

London. (*Id.* at 1.) Two days later, Mr. Nguyen posted another photograph of himself with Dr. Wright, also in London. (*Id.* at 4.) On March 4 and 5, Mr. Nguyen posted a number of additional photographs of the two together, this time in Slovenia. (*Id.* at 8-12.) On March 6, Mr. Nguyen posted a photograph of himself, stating that "[a]fter a productive Slovenia trip for #BSV business," he was "back in London," which is where Dr. Wright resides. (*Id.* at 13.) Finally, on March 11, Mr. Nguyen posted tweets and photographs indicating that he and Dr. Wright were travelling together once again, this time in Antigua with Mr. Ayre. (*Id.* at 6, 16-17.)

**III)ARGUMENT**

### a.  Non-Personal Service of the Subpoenas is Proper Here

Plaintiffs respectfully request that the Court order Mr. Nguyen to comply with the Subpoenas (because he was properly served via email on March 10) or, short of that, declare that Mr. Nguyen has been properly served (via email, certified mail, and/or Twitter) with the Subpoenas. The fact that Plaintiffs have been unable to personally serve Mr. Nguyen does not preclude either order. Instead, as explained below, Rule 45 permits non-personal service, especially where—as here—the proponent has diligently attempted to personally serve the witness and the witness appears to be evading service.

### i.  Rule 45 Does not Require Personal Service of the Subpoenas

"Federal Rule of Civil Procedure 45(b)(1) provides that '[s]erving a subpoena requires delivering a copy to the named person.'" *Kantor v. Big Tip, Inc.*, No. 2:15-cv-01871, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017) (citations omitted). Although "[d]istrict courts are split on whether Rule 45(b)(1) requires personal service of a subpoena," the most recent cases decided by courts in this District to address the issue have held that personal service is not required. *Id.* Indeed, as one court explained, "[b]ecause the plain language of Rule 45 does not

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Misc. Case No. _____)

5

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

require personal service, such is not required." *Tubar v. Clift*, No. 05-cv-1154, 2007 WL 214260, at *5 (W.D. Wash. Jan. 25, 2007); *see also Kantor*, 2017 WL 2634207, at *1 (same). Instead, Rule 45 merely requires that a party adequately "ensur[e]" that the subpoena is delivered. *Kantor*, 2017 WL 2634207, at *1; *Tubar*, 2007 WL 214260, at *5.

### ii.   Plaintiffs Have Diligently Attempted to Personally Serve Mr. Nguyen.

Even courts that believe Rule 45 generally requires personal service still allow non-personal service if a party is unable to personally serve a witness after diligent attempts. *See Toni Brattin & Co. v. Mosaic Int'l, LLC*, No. 15-mc-80090, 2015 WL 1844056, at *3-4 (N.D. Cal. Apr. 9, 2015) (allowing non-personal service where party "provided sufficient evidence that it ha[d] consistently attempted to effectuate service on [the witness]"); *In re Ex Parte Application of Pro-Sys Consultants*, No. 16-mc-80118, 2016 WL 6025155, at *2 (N.D. Cal. Oct. 14, 2016) ("Courts are more inclined to grant [non-personal] service [of a subpoena] where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service."). Any other result would be inconsistent with Rule 1's mandate that Rule 45 "be construed" to "secure the just, speedy, and inexpensive determination of every action." *In re Ex Parte Application of Pro-Sys Consultants*, 2016 WL 6025155, at *2; *see also Cordius Tr. v. Kummerfeld*, No. 99-cv-3200, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000) (non-personal service proper in light of "repeated attempts of the plaintiff to effectuate personal service, and the cost and delay that would result by requiring further attempts at such service").

Here, Plaintiffs have diligently attempted to personally serve Mr. Nguyen. Indeed, Plaintiffs have used two different process serving companies, which have attempted to serve Mr. Nguyen at his home a total of *nine times over a six-week period*. *See SEC v. Pence*, 322 F.R.D. 450, 455 (S.D.N.Y. 2017) (noting that courts have ordered non-personal "service of subpoenas

after far fewer [than 14] attempts at personal service have failed"); *Brattin*, 2015 WL 1844056, at *4 (six attempts sufficient to demonstrate diligence); *In re Ex Parte Application of Pro-Sys Consultants*, 2016 WL 6025155, at *2 (eight attempts sufficient to demonstrate diligence); *Chambers v. Whirlpool Corp.*, No. 11-cv-1733, 2016 WL 9451361, at *3 (C.D. Cal. Aug. 12, 2016) (three attempts sufficient to demonstrate diligence). Nevertheless, none of these attempts have been successful.

### iii.   Mr. Nguyen Appears to be Evading Service.

"In the particular context of a non-party evading service of a subpoena, many courts have concluded [non-personal] service *must* be allowed." *Armed Forces Bank NA v. Dragoo*, No. 17-cv-00786, 2018 WL 8621583, at *2 (D. Ariz. May 23, 2018) (emphasis added). Indeed, "the Federal Rules of Civil Procedure should not be construed as a shield for a witness who is purposefully attempting to evade service." *Id.*  An inference that the non-party is evading service is generally proper where that non-party has not been served after "multiple service attempts." *See Cadle v. Geico Gen. Ins. Co.*, No. 6:13-cv-1591, 2015 WL 4352048, at *3 (M.D. Fla. July 14, 2015); *In re Ex Parte Application of Pro-Sys Consultants*, 2016 WL 6025155, at *2 (concluding that it "appear[ed]" that the witness was "attempting to evade personal service," where party attempted to serve witness at home eight times); *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. 17-cv-04140, 2019 WL 3208114, at *1-3 (D. Ariz. July 16, 2019) (concluding that witness who could not be personally served after nine attempts was "playing games in an effort to evade service").

Plaintiffs believe that Mr. Nguyen may be intentionally evading service. In addition to the sheer number of unsuccessful service attempts (which are alone sufficient to support an inference that Mr. Nguyen is evading service), a number of facts support this belief. *First*, Mr. Nguyen has

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Misc. Case No. _____)

7

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

a reason to evade service. As evidenced by the number of photographs that he has posted of himself with Dr. Wright, Mr. Nguyen and Dr. Wright are close friends. It is therefore conceivable that Mr. Nguyen would be willing to evade service in an effort to help his friend. This inference is strengthened by the fact that (1) discovery will be closing soon in the Florida Action, and (2) the Florida Action—in which billions of dollars are at stake—is clearly important to Mr. Nguyen's friend Dr. Wright.

*Second*, Mr. Nguyen undoubtedly has notice of the Subpoenas. The fact that Plaintiffs have been trying to serve Mr. Nguyen is public knowledge and has been covered by publications relating to Mr. Nguyen's line of business, cryptocurrency, as early as March 2 and as recently as March 30. The Subpoenas were also emailed to Mr. Nguyen and sent to his (very active) Twitter account. In addition, Mr. Nguyen has almost certainly learned of the Subpoenas through Dr. Wright, with whom he has spent much of the past two months travelling. He likely also learned about the Subpoenas from his business associate Mr. Ayre, who replied to the tweet from Plaintiffs' counsel sending the Subpoenas to Mr. Nguyen.

*Third*, since the date on which Dr. Wright's attorneys received notice of the Subpoenas, Mr. Nguyen has been travelling almost constantly, often with Dr. Wright. Indeed, based on Plaintiffs' unsuccessful efforts to serve Mr. Nguyen at home, it appears that Mr. Nguyen has not returned to his home since February 14, when he presumably learned that Plaintiffs intended to serve him. Plaintiffs recognize that COVID-19 may be preventing Mr. Nguyen from returning home, but if that were the case, Plaintiffs would have expected that Mr. Nguyen, an attorney, would have responded to Plaintiffs' email or twitter post. His failure to do so supports an inference that he's purposely evading service.

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Misc. Case No. _____)

8

ROCHE CYRULNIK FREEDMAN LLP
200 S Biscayne Blvd., Suite 5500
Miami, FL 33131
Tel.: (305) 753-3675

*Fourth*, Mr. Nguyen's apartment is outfitted with video surveillance equipment, which suggests that, even if he were home, he would be able to effectively avoid interacting with any unwanted visitors.

Accordingly, because (1) Rule 45 permits non-personal service, (2) Plaintiffs have diligently attempted to personally serve Mr. Nguyen, and (3) Mr. Nguyen appears to be intentionally evading service, non-personal service is proper here.

### b. Mr. Nguyen Should be Compelled to Comply with the Subpoenas Because He Has Failed to Respond Within 14 Days of Being Properly Served Via Email and Failed to Appear for His Deposition Set for March 30.

Mr. Nguyen should be compelled to comply with the Subpoenas. After a subpoena is served, "the recipient may comply with the subpoena, submit an objection, or move to quash or modify the subpoena according to the procedures set forth in Rule 45." *Roupe v. Strickland*, No. 13-cv-2131, 2014 WL 4100943, at *2 (W.D. Wash. Aug. 18, 2014). Ignoring the subpoena is not, however, a permissible option, and is punishable by contempt. *See Stanaford v. Bruce Genovese*, No. 2:15-mc-0013, 2015 WL 7888793, at *1 (E.D. Wash. Dec. 1, 2015) (citing Fed. R. Civ. P. 45(g)). As an alternative to contempt, a court may "grant a motion to compel compliance with a Rule 45 subpoena" where the nonparty "failed to respond." *In re Subpoena to VaughnPerling*, No. 2:19-mc-00083, 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019).

That outcome is appropriate here. The Subpoenas required production within two weeks of service and a deposition on March 30. As explained below, Mr. Nguyen was validly served by Plaintiffs via email on March 10. But Mr. Nguyen failed to produce any documents by March 24, and did not appear for a March 30 deposition. Accordingly, because Mr. Nguyen has utterly failed to respond to the Subpoenas, an order compelling compliance is appropriate.

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Misc. Case No. _____)

9

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

1   Plaintiffs' service of Mr. Nguyen via email was sufficient under Rule 45. As noted above,

2   a subpoena is properly served as long as the manner of service adequately ensures delivery. *See*

3   *Kantor*, 2017 WL 2634207, at *1. This standard is met if the selected "manner of service [is]

4   reasonably designed to ensure actual receipt of a subpoena by a witness." *Chambers*, 2016 WL

5   9451361, at *2; *see also TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 616

6   (S.D. Fla. 2019); *Armed Forces Bank NA*, 2018 WL 8621583, at *2; *Sanchez y Matin, S.A. de*

7   *C.V. v. Dos Amigos, Inc.*, No. 17-cv-1943, 2018 WL 2387580, at *3 (S.D. Cal. May 24, 2018); *In*

8   *re Ex Parte Application of Pro-Sys Consultants*, 2016 WL 6025155, at *2.

9   Service by email is reasonably designed to achieve actual notice if the person to be served

10  has communicated with the proponent via email. *See, e.g.*, *Steve McCurry Studios, LLC v.*

11  *Web2Web Mktg., Inc.*, No. 13-cv-80246, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014);

12  *Entrepreneur Media, Inc. v. Casey*, No. 8:18-cv-01058, 2018 WL 6424515, at *2 (C.D. Cal. Oct.

13  1, 2018) (collecting cases). Accordingly, courts routinely hold that service of a subpoena by

14  email is proper. *See BBK Tobacco & Foods LLP v. Skunk Inc.*, No. 18-cv-02332, 2020 WL

15  619675, at *3 (D. Ariz. Feb. 10, 2020); *Rainey v. Taylor*, No. 18-mc-24802, 2019 WL 1922000,

16  at *2-3 (S.D. Fla. Apr. 30, 2019); *Armed Forces Bank NA*, 2018 WL 8621583, at *2; *Wells*

17  *Fargo Bank NA*, 2019 WL 3208114, at *3-4; *Pence*, 322 F.R.D. at 454-55. Indeed, in December,

18  Plaintiffs obtained an order compelling another associate of Dr. Wright to comply with a

19  subpoena that was served via email. *VaughnPerling*, 2019 WL 8012372, at *4-5.

20  Service of Mr. Nguyen by email was likewise effective here.  Plaintiffs delivered the

21  Subpoenas to a known working email address that Mr. Nguyen had recently used to correspond

22

23

24  PLAINTIFFS' MOTION TO COMPEL               10          ROCHE CYRULNIK FREEDMAN LLP
    COMPLIANCE WITH SUBPOENA                             200 S BISCAYNE BLVD., SUITE 5500
    (Misc. Case No. _____)                                   MIAMI, FL 33131
                                                              TEL.: (305) 753-3675

1    with Plaintiffs' attorneys.    Accordingly, because Plaintiffs properly served Mr. Nguyen, and

2    because Mr. Nguyen has utterly failed to respond, Mr. Nguyen should be compelled to comply. [4]

3    ### c.  Mr. Nguyen Has Also Been Properly Served by Certified Mail and Twitter

4    If the court declines to order Mr. Nguyen to comply with the Subpoenas, Plaintiffs

5    request a declaration that Mr. Nguyen was properly served by email, certified mail, Twitter, or

6    some combination thereof. *See, e.g.*, *Am. Gen. Life Ins. Co. v. Maurer*, No. 17-cv-00187, 2017

7    WL 7803793, at *1 (C.D. Cal. July 14, 2017) (granting motion requesting order that entities were

8    "properly served"). As explained above, any manner of service reasonably designed to ensure

9    actual receipt of the subpoenas satisfies Rule 45, and, here, service by email satisfied that

10   standard. As explained below, service by certified mail and Twitter were also proper here.

11   Indeed, Mr. Nguyen was properly served by certified mail on April 1. Courts routinely

12   hold that service by certified mail at a witness's last known address is reasonably designed to

13   achieve actual notice and is therefore sufficient under Rule 45. *See Toni Brattin & Co.*, 2015 WL

14   1844056, at *4 (service by certified mail to last known address sufficient); *BNSF Ry. Co. v.*

15   *Alere, Inc.*, No. 18-cv-291, 2018 WL 2267144, at *6 (S.D. Cal. May 17, 2018) (service by

16   certified mail "reasonably sure to complete delivery of the subpoena"); *Cordius Tr.*, 2000 WL

17   10268, at *2 (service by certified mail "reasonably insures actual receipt of the subpoena"); *see*

18   *also Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012) (certified mail sufficient).

19

20   ---

21   [4] A party is not required to obtain court permission before non-personally serving a subpoena. *See Chambers*, 2016 WL 9451361, at *2 (compelling production, where subpoena was not personally served); *VaughnPerling*, 2019 WL 8012372, at *4-5 (same); *cf. Ellis-Hall Consultants, LLC v. Hoffmann*, No. 2:12-cv-00771, 2018 WL 4215114, at *2

22   (D. Utah. Sept. 4, 2018) (although court "could certainly require [party] to re-serve [its] subpoenas, to do so would elevate form over substance and fly in the face of securing 'the just, speedy, and inexpensive determination of every

23   action and proceeding.'").

24

1    Likewise, Mr. Nguyen was properly served by Twitter on March 29. Service via Twitter

2    is reasonably calculated to achieve actual notice, and therefore sufficient under Rule 45, if the

3    witness "has an active Twitter account and continues to use it to communicate with his

4    audience." *St. Francis Assisi v. Kuwait Fin. Hous.*, No. 3:16-cv-3240, 2016 WL 5725002, at *2

5    (N.D. Cal. Sept. 30, 2016). That is the case here because Mr. Nguyen tweets several times per

6    week and his tweets are highly visible. The fact that his tweets are closely followed by his

7    business associates such as Mr. Ayre, who replied to Plaintiffs' counsel's tweet serving the

8    Subpoenas, further increases the likelihood that Mr. Nguyen is aware of the Subpoenas.

9    Because Mr. Nguyen was properly served by email, certified mail, and Twitter, Plaintiffs

10   respectfully request that the court—if unwilling to compel Mr. Nguyen to comply with the

11   Subpoenas—declare that Mr. Nguyen has been properly served. If the court concludes such relief

12   is improper, Plaintiffs respectfully request authorization to serve Mr. Nguyen by (1) email at the

13   same address that he has previously used to correspond with Plaintiffs' attorneys, (2) certified

14   mail at his last known address in Seattle, and (3) Twitter.

15                                          **CONCLUSION**

16   For the foregoing reasons, Plaintiffs respectfully request that the court order Mr. Nguyen

17   to comply with the Subpoenas, by producing responsive documents within 5 days of the Court's

18   order and sitting for a deposition via videoconference within 7 days of that order. If the court

19   concludes such an order is inappropriate, Plaintiffs respectfully request a declaration that Mr.

20   Nguyen has been properly served with the Subpoenas and directing him to comply or object

21   within 5 days of the Court's order. If the court concludes neither of the aforementioned orders are

22   appropriate, Plaintiffs respectfully request that the court authorize Plaintiffs to serve Mr. Nguyen

23   by (1) re-emailing the Subpoenas to the same address that Mr. Nguyen has previously used to

24

PLAINTIFFS' MOTION TO COMPEL                    12          ROCHE CYRULNIK FREEDMAN LLP
COMPLIANCE WITH SUBPOENA                                    200 S BISCAYNE BLVD., SUITE 5500
(Misc. Case No. _____)                                 MIAMI, FL 33131
                                                           TEL.: (305) 753-3675

correspond with Plaintiffs' attorneys, (2) re-sending the Subpoenas to Mr. Nguyen's last known address in Seattle via certified mail, and (3) re-sending the Subpoenas to Mr. Nguyen via Twitter. Plaintiffs likewise request retroactive authorization to serve this motion by those means, pursuant to Fed. R. Civ. P. 4(e)(1) and Wash. C.R. 4(d)(3) and (4).

Respectfully submitted,

Dated: April 6, 2020                     **CLOUTIER ARNOLD JACOBOWITZ, PLLC**

/s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
2701 1st Ave., Ste. #200
Seattle, WA 98121
206-769-3759
Fax: 206-866-3234
manny@CAJlawyers.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL                    13          ROCHE CYRULNIK FREEDMAN LLP
COMPLIANCE WITH SUBPOENA                                   200 S BISCAYNE BLVD., SUITE 5500
(Misc. Case No. _____)                                        MIAMI, FL 33131
                                                                  TEL.: (305) 753-3675

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 6, 2020, I sent or caused to be sent the foregoing document to Mr. Nguyen via email at j.nguyen@nchain.com and Twitter, @jimmywinmedia, and to counsel for Defendant in the underlying action, Amanda McGovern, at amcgovern@riveromestre.com.  I further certify that, on April 7, 2020, I will send or cause to be sent the foregoing document to Mr. Nguyen via regular U.S. mail and certified mail, return receipt requested, at 211 13th Ave. E, Apt. B, Seattle, WA 98102.

*/s/ Velvel Freedman*
VELVEL (DEVIN) FREEDMAN

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Misc. Case No. _____)

14

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675