UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al.*,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.

_____/

**ORDER AMENDING SCHEDULING ORDER**

    **THIS CAUSE** is before the Court upon Plaintiffs' Expedited Motion for Enlargement of Time of Expert Related Deadlines and for Extension of Time to Complete Three Fact Witness Depositions, ECF No. [436] ("Motion"). Defendant filed his response, ECF No. [439] ("Response"). The Court has reviewed the Motion, the Response, the record in the case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

    **I.**    **BACKGROUND**

    On January 16, 2020, the Court entered an order that granted Plaintiffs the right to propound seven interrogatories on Defendant and which amended the Court's Scheduling Orders. *See* ECF No. [382]. Under the present schedule, expert witness summaries or reports are to be disclosed by March 27, 2020, all discovery is to be completed by April 17, 2020, all pre-trial motions are to be filed by May 4, 2020, a joint pre-trial stipulation is due by June 15, 2020, calendar call is set for June 30, 2020, and trial is scheduled for the trial calendar beginning on July 6, 2020. *See id.*

Since that time, a global pandemic caused by the COVID-19 virus has spread across the world and has caused extensive logistical problems for businesses on a nationwide scale, including courts throughout the nation. Plaintiffs now move to enlarge certain pre-trial deadlines and to extend the time to complete three fact witness depositions. Plaintiffs represent that COVID-19 is presenting numerous complications in meeting deadlines that were set forth before the pandemic's onset. Specifically, New York and Florida have imposed restrictions on business operations and travel, all attorney offices are closed with limited support staff, and that while they have tried diligently to comply with their obligations related to the expert deadlines, the current limitations present significant hurdles. They represent that they have made good faith efforts to comply with the Court's discovery deadlines. However, three fact witness depositions remain.[1] Mr. Sullivan has challenged the subpoena served on him, and the motion to quash has been briefed and is currently pending in federal court in New York. Mr. Lowe has been served but he intends to file a motion to quash sometime this week. Mr. Nguyen has not been located and has yet to be served by process servers despite attempts made since February 14, 2020, which has led Plaintiffs to believe that he is evading service and/or traveling outside the country.[2] Consequently, Plaintiffs seek to take these three depositions after the close of fact discovery, if necessary.

In response, Defendant asserts that Plaintiffs have not shown how the COVID-19 virus is impeding their ability to timely prepare their expert disclosures by March 27 or complete the depositions by April 17, and that "virtual offices do not prevent counsel from getting work done."

---

[1] The Motion does not list the names of all of the individuals, but the Response indicates that remaining deponents are Brendan Sullivan, Marc Lowe, and Jimmy Nguyen. *See* ECF No. [439].

[2] Plaintiffs represent that if they cannot serve Mr. Nguyen shortly, they will seek the Court's assistance. The Court declines Plaintiffs' invitation. First, it is unclear what assistance the Court can grant Plaintiffs, and second, at no time since the case originated in February 2018 have they sought assistance related to serving Mr. Nguyen.

Case 2:20-cv-00593-BJR Document 11 Filed 04/06/20 Page 3 of 4
Case 9:18-cv-80176-BB Document 441 Entered on FLSD Docket 03/20/2020 Page 3 of 4
Case No. 18-cv-80176-BLOOM/Reinhart

*See* ECF No [439] at 1. He opines that Plaintiffs "have made a habit of asking this Court to extend the discovery deadline on the eve of the cutoff date," and posits that no more extensions are appropriate. *Id.* at 2. He further adds that Mr. Sullivan's motion has been pending for seven months, Mr. Lowe was served only a week ago, and Plaintiffs have known about Mr. Nguyen since the case's inception but have only waited until recently to try to serve him. Defendant concludes that extending pre-trial deadlines in the manner requested by Plaintiffs impairs his ability to prepare for trial.

## II.  DISCUSSION

Upon review and consideration, the Court finds good cause to amend the Scheduling Order, ECF No. [382], pursuant to Rule 16(b)(4), Fed. R. Civ. P., in light of the COVID-19 global pandemic, the profound logistical issues affecting Florida and New York residents, businesses, and courts, and the issues surrounding the three outstanding fact witness depositions, which are unlikely to be resolved before the current discovery deadline. The Court recognizes the present difficulties of working remotely with limited staff and resources against the COVID-19 backdrop. Indeed, a national emergency has been declared by President Trump, the State of New York has been particularly crippled by the outbreak, and courts and other workforces across the nation are stretched thin. In this setting, it is therefore appropriate to amend the current deadlines.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [436]**, is **GRANTED IN PART AND DENIED IN PART**. The Scheduling Order, **ECF No. [382]**, is **AMENDED** as set forth below. The parties shall adhere to the following schedule:

| | |
|---|---|
| **April 10, 2020** | Parties to disclose expert witness summaries or reports or disclose new experts with summaries/reports |

Case No. 18-cv-80176-BLOOM/Reinhart

**April 17, 2020**      Parties exchange any rebuttal expert summaries or reports

**May 1, 2020**       All discovery, including fact and expert discovery, shall be completed

**May 8, 2020**       All pre-trial motions, motions *in limine*, and *Daubert* motions (which include motions to strike experts) are filed. **This deadline includes all dispositive motions.** Each party is limited to filing one motion *in limine* and one Daubert motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. **The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.**

All other deadlines set forth in the Scheduling Order, ECF No. [382], remain in place.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 25, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

4