The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE SUBPOENA TO
JIMMY NGUYEN

Case No. 2:20-cv-00593-BJR

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

NOTED ON MOTION CALENDAR:
April 24, 2020

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
(Case No. 2:20-cv-00593-BJR)

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
(305) 753-3675

## I) INTRODUCTION & BACKGROUND

Plaintiffs have attempted to serve Nguyen, a member of the bar, ***more than twenty times***. Although Plaintiffs have successfully served Nguyen by email, Twitter, and certified mail, Nguyen has continued to ignore the Subpoenas.

Nguyen does not claim these service methods are improper. Nor does he deny actual notice of the Subpoenas by email and Twitter. Instead, he claims service was ineffective because (1) the SDFL already denied Plaintiffs' request for the same relief; (2) the message transmitting the Subpoenas was somehow inadequate, and, most incredibly, (3) Plaintiffs were insufficiently diligent in attempting to serve him. Each argument should be rejected. Nguyen has been served. His evasive conduct—which includes *repeatedly refusing* to accept service (despite his status as an officer of the court) and refusing to disclose the "remote" location where he is hiding—should not be rewarded. He should be ordered to comply with the Subpoenas. *See Chambers v. Whirlpool Corp.*, No. 11-cv-1733, 2016 WL 9451361, at *2-3 (C.D. Cal. Aug. 12, 2016) (emphasis added) ("[T]he court is troubled by the objectors' unwillingness to accept service. This is especially the case with respect to Mr. Miller and Ms. Kress **who, as officers of the court, should have agreed, at a minimum, to waive personal service on their own behalf**.").

## II) ARGUMENT

### a. The SDFL Did Not Address Plaintiffs' Motion to Compel

Nguyen claims Plaintiffs' motion should be denied because "two Federal judges have already denied Plaintiffs the same relief." (Opp. 5.) That's grossly inaccurate. The SDFL *lacks jurisdiction* to grant Plaintiffs the relief that they seek here. *See Brady v. Lee*, No. 14-mc-23307, 2014 WL 12580025, at *2 (S.D. Fla. Oct. 29, 2014) (subpoena must be enforced in district compliance is required). Plaintiffs *never* asked the SDFL for the relief sought here.

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
(Case No. 2:20-cv-00593-BJR)

1

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL: (305) 753-3675

Instead, in a motion requesting (among other things) to depose Nguyen after the discovery cutoff, Plaintiffs noted they may "seek the Court's assistance" if they couldn't serve Nguyen. (Second Declaration of Velvel (Devin) Freedman ("Decl."), Ex. 1, at 4 n.1.) In response, the Court stated it would "decline[] Plaintiffs' invitation" for assistance because, *inter alia*, it was "unclear what assistance the Court c[ould] grant Plaintiffs." (Decl., Ex. 2, at 2 n.2.).[1] Similarly, in a Joint Discovery Memorandum, Plaintiffs requested the Florida Court order Dr. Wright to provide Plaintiffs "with current contact information for Mr. Nguyen." (Decl., Ex. 3, at 6.) The Florida Court rejected that request. (Decl., Ex. 4.) Plaintiffs never requested the relief sought here from the SDFL and the SDFL never denied *any* of the relief requested here.

### b. Nguyen Was Properly Served Under Applicable Law

Plaintiffs properly served Nguyen with the Subpoenas by email on March 10, Twitter on March 29, and certified mail on April 1. (Br. 10-13.) Nguyen does not contend Rule 45 subpoenas cannot be served this way. (*See* Opp. 12.)[2] Nor does he contend such means were not reasonably designed to ensure he received the Subpoenas. He does not even claim he did not receive the Subpoenas by email or Twitter; nor could he. Instead, Nguyen asserts he was not served by email or Twitter because Plaintiffs asked Nguyen whether he would accept service when serving them. (*See* Opp. 13.) This argument—for which Nguyen cites *no authority*—is

---

[1] The Court's other reason for declining was that Plaintiffs had not sought assistance earlier. As explained herein, this dicta was made without any of the briefing here explaining why Plaintiffs had not sought assistance earlier.

[2] Nguyen asserts "Plaintiffs' reliance on email and Twitter service cases" is "misplaced" because the "cases involved either alternate service of subpoenas or service of original process under Rule 4(e)(1), not a deposition subpoena on a third-party witness under Rule 45." (Opp. 13 n.4.) This distinction is meaningless. The cases Nguyen cites each found that service by email or Twitter was reasonably calculated to achieve actual notice, which is *the same standard* for service under Rule 45. (*See* Br. 10-12, 13.) Moreover, Nguyen ignores that Plaintiffs cite *several* cases where courts granted motions to compel compliance with subpoenas served by email. (*See, e.g.*, Br. 11 (citing *In re Subpoena to VaughnPerling*, No. 2:19-mc-00083, 2019 WL 8012372, at *4-5 (C.D. Cal. Dec. 2, 2019); *Rainey v. Taylor*, No. 18-mc-24802, 2019 WL 1922000, at *2-3 (S.D. Fla. Apr. 30, 2019)).)

specious. Rule 45 requires "delivering" a copy of the subpoena to the named person. *Kantor v. Big Tip, Inc.*, No. 2:15-cv-01871, 2017 WL 2634207, at *1 (W.D. Wash. June 19, 2017). Plaintiffs did that when they sent the Subpoenas to Nguyen by email and Twitter. *See VaughnPerling*, 2019 WL 8012372, at *1-5 (granting motion to compel compliance with Rule 45 subpoena, where attorney requested witness accept service of emailed subpoena and witness refused); *Chambers*, 2016 WL 9451361, at *2-3 (same); *cf. Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 531 F.3d 1132, 1135 (9th Cir. 2009) (explaining that "[i]f the defendant attempts to evade service or refuses to accept delivery" the server may "leave [the papers] in the defendant's physical proximity" because such "procedure satisfies the objective of giving notice. . .").[3]

Nguyen's next argument—that he was not served by certified mail because he did not accept delivery (Opp. 13)—is no more persuasive. The relevant standard is whether "the selected 'manner of service [is] reasonably designed to ensure actual receipt of a subpoena by a witness.'" (Br. 11 (citations omitted).) The fact that the witness does not receive notice because they refused to accept it, is not dispositive. *Hall v. ADVO, Inc.*, No. 3:04-cv-2644, 2007 WL 210357, at *2 (N.D. Tex. Jan. 26, 2007) ("Hall was served . . . when they were sent by certified mail. That he neglected or refused to accept delivery of or claim the certified mail is of no moment, as service of him was duly made."); *cf. Century 21 Real Estate LLC v. Camden Securities Inc.*, No. 07-cv-

---

[3] Nguyen asserts he never responded to Plaintiffs' service attempts (Opp. 13), but never explains how that's relevant. Nor does he bother explaining why it matters that he "ceased *actively* using" his nChain email address on February 4, 2020 when he admits he maintained a formal relationship with nChain through March 12 (two days after he received the email), admits he had access to the email address until March 19 (nine days after he received the email), and he does not deny he actually received Plaintiffs' email or tweet. (Nguyen Decl. ¶ 7.)

00834, 2013 WL 12054317, at *3 (C.D. Cal. Jan. 25, 2013) ("Significantly, actual notice is not required under federal case law interpreting what Due Process requires for service of process.").[4]

### c. Plaintiffs Have Diligently Attempted to Serve Nguyen

Nguyen asserts "Plaintiffs have not been diligent" in attempting to serve him and denies that he has intentionally evaded service. (Opp. 9, 14.) The former contention is absurd. Plaintiffs have attempted to serve Nguyen for over two months. During that period, process servers have paid *thirteen visits* to Nguyen's home. Nguyen has received the Subpoenas at *three different email addresses* and *once via Twitter*. The Subpoenas have been sent to Nguyen's home by certified mail *twice*, and by standard U.S. mail *once*. Plaintiffs have attempted service **twenty times**. *Chambers*, 2016 WL 9451361, at *3 (finding diligence after three service attempts).[5]

Notwithstanding these efforts, Nguyen contends Plaintiffs have not diligently attempted to serve him because the underlying action has been pending since February 2018. (Opp. 6-7, 14.) But Nguyen fails to mention that in August 2019 the SDFL imposed Rule 37 sanctions establishing certain facts that obviated the need for his testimony. (*See* Decl., Ex. 5.) It was not until the SDFL reversed those sanctions on January 10, 2020, that Nguyen's testimony became relevant again. (*See* Decl., Ex. 6.) Plaintiffs caused the Subpoenas to be issued *one month later*, which was *more than two months* before the then-current fact discovery cutoff. (*See* Decl., Ex. 7, at 3.) Plaintiffs have persistently attempted to enforce the Subpoenas since. It's not unusual for

---

[4] Finally, Nguyen repeatedly asserts Plaintiffs informed the SDFL they were unable to serve him. (*See* Opp. 4, 6, 9, 14.) Plaintiff meant they hadn't been able to serve him in the conventional manner. Nguyen does not explain how those statements preclude a finding that Nguyen was in fact served. Indeed, Plaintiffs believe they served Nguyen, but that belief is meaningless without this Court's agreement.

[5] Nguyen does not bother attempting to distinguish *Chambers*, and his attempts to distinguish Plaintiffs' other cases are superficial at best. (*See* Opp. 15 n.5 (distinguishing cases based on (1) type of Rule 45 subpoena, (2) number of locations at which service was attempted, and (3) statements to process-servers).)

plaintiffs to want to depose an important witness after much of the evidence had been gathered. And Plaintiffs had no reason to believe they would need ***more than two months*** to subpoena Mr. Nguyen – who is a member of the bar, has attended multiple hearings, attended mediation, and corresponded with Plaintiffs about settlement issues in this case.

Nguyen next argues Plaintiffs haven't been diligent because they failed to serve him at his public appearances in foreign countries during February and March (*See* Opp. 11, 14-15). The notion that serving Nguyen in a foreign country during the emergence of COVID-19 would be "easy" is unsupportable and (as explained below) belied by his conduct. Further, Plaintiffs are not aware of any publicly available itinerary for his travel and speaking engagements. Finally, even if Plaintiffs had found such an itinerary, the process of serving Nguyen as he traveled among London, Russia, Slovenia, and Antigua would be very time-consuming and expensive.[6]

Finally, Plaintiffs have diligently attempted to serve Nguyen since he returned to the United States on March 20. (Nguyen Decl. ¶ 18.) In fact, Plaintiffs have attempted to personally serve him *seven times* since his return. (Decl., Ex. 8.) Additionally, during that same period, Plaintiffs served Nguyen with the *Subpoenas* at non-nChain emails twice (including **the "Bitcoin Association" email address Nguyen uses for "almost all his email communications"** (Opp.

---

[6] In particular, Plaintiffs would first need to obtain a court-ordered subpoena pursuant to 28 U.S.C. § 1783. Then, assuming that Nguyen traveled to nations that were parties to the Hague Convention, Plaintiffs would be required to serve the court-ordered subpoena pursuant to that treaty's requirements. 28 U.S.C. § 1783(b); Fed. R. Civ. P. 4(f)(1). This process is, contrary to Nguyen's assertion, notoriously expensive and time-consuming. *See Vinewood Capital, LLC v. Al Islami*, No. 4:06-cv-316, 2006 WL 3151535, at *3 (N.D. Tex. Nov. 2, 2006) (characterizing process as "complex and expensive"); *U.S.-Pac. Rim Inv. Grp., LLC v. Ceragreen Co., Ltd.*, No. 12-cv-00155, 2013 WL 5946105, at *3 (D. Haw. Nov. 5, 2013).

8)), Twitter (once), certified mail (twice), regular U.S. mail (once), and by leaving the Subpoenas at his door with the necessary fees (once). (*See* Decl., Exs. 8, 10-14.)[7]

Not only do these efforts demonstrate Plaintiffs' diligence, but they also disprove Nguyen's claim that he has not been evading service because "he was traveling outside the country." (Opp. 9, 14.)[8] Indeed, evidence regarding Nguyen's conduct since March 20 supports the inference that he is evading service. *First*, since Plaintiffs served Nguyen by Twitter, Nguyen's Twitter page has fallen *completely silent*, in stark contrast to the previous month when he tweeted *62 times*. (*See* Decl., Ex. 15.) *Second*, both Nguyen's attorney and a woman in Nguyen's home have refused to accept service on Nguyen's behalf, presumably based on his instructions. (Decl., ¶ 18 & Ex. 8.). *Third*, since returning to the U.S. on March 20, Nguyen has stayed away from his home and is "isolating" in an undisclosed "remote location." (Opp. 13.) Although this decision is partly explainable by the ongoing COVID-19 pandemic, Nguyen's refusal to disclose his location or otherwise accept service of a subpoena he is clearly on notice of is not explainable, **especially given his status as an attorney**. *See Chambers*, 2016 WL 9451361, at *2 ("[T]he court is troubled by the objectors' unwillingness to accept service. This is especially the case with respect to Mr. Miller and Ms. Kress who, as officers of the court, should have agreed, at a minimum, to waive personal service on their own behalf.").

### III) CONCLUSION

Nguyen has been properly served with the Subpoenas. He is clearly aware of them. Plaintiffs respectfully request that their Motion be granted.

---

[7] Plaintiffs tendered the necessary fees nullifying the argument that the subpoena is "facially invalid" (Opp. 12 n.3).

[8] Plaintiffs did not receive an affidavit regarding their March 2020 attempts to serve Nguyen until April 8. (Decl., ¶ 10.)

|  |  |
|---|---|
| Dated: April 24, 2020 | Respectfully submitted,<br><br>**CLOUTIER ARNOLD JACOBOWITZ, PLLC**<br><br>/s/ Emanuel Jacobowitz<br>Emanuel Jacobowitz, WSBA #39991<br>2701 1st Ave., Ste. #200<br>Seattle, WA 98121<br>206-769-3759<br>Fax: 206-866-3234<br>manny@CAJlawyers.com<br><br>*/s/ Velvel (Devin) Freedman*<br>Velvel (Devin) Freedman, Esq.<br>Florida Bar No. 99762<br>**ROCHE CYRULNIK FREEDMAN LLP**<br>200 S. Biscayne Blvd, Suite 5500<br>Miami, Florida 33131<br>Telephone: (305) 357-3861<br>vel@rcfllp.com<br>nbermond@rcfllp.com<br><br>Kyle W. Roche, Esq.<br>Joseph M. Delich, Esq.<br>*Admitted Pro Hac Vice*<br>**ROCHE CYRULNIK FREEDMAN LLP**<br>99 Park Avenue, Suite 1910<br>New York, NY 10016<br>kyle@rcfllp.com<br>jdelich@rcfllp.com<br><br>Andrew S. Brenner, Esq.<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd Street, Suite 2800<br>Miami, Florida 33131<br>abrenner@bsfllp.com<br><br>*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC* |

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Case No. 2:20-cv-00593-BJR)

7

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel Freedman*
VELVEL (DEVIN) FREEDMAN

PLAINTIFFS' MOTION TO COMPEL
COMPLIANCE WITH SUBPOENA
(Case No. 2:20-cv-00593-BJR)

8

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675