The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE SUBPOENA TO JIMMY NGUYEN

Case No. 2:20-cv-00593-BJR

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,

                Plaintiffs,

v.

CRAIG WRIGHT,

                Defendant.

**PLAINTIFFS' SECOND MOTION TO COMPEL**

NOTED ON MOTION CALENDAR: TBD

MOTION TO COMPEL
(Case No. 2:20-cv-00593-BJR)

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
(305) 753-3675

Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC (collectively, "Plaintiffs") hereby move pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i) to compel Jimmy Nguyen to respond to deposition questions to which his counsel has improperly asserted the attorney-client privilege.

## I) INTRODUCTION

**Fact discovery in the underlying action closes on May 1, 2020**. On April 24, 2020, this Court entered an order compelling Mr. Nguyen to comply with two subpoenas (the "Subpoenas") issued by the United States District Court for the Southern District of Florida in connection with an action pending in that district (the "Florida Action"). (ECF No. 14). On April 30, 2020, pursuant to the Court's order, Mr. Nguyen attended his deposition. Nevertheless, at that deposition, Mr. Nguyen was instructed not to answer questions relating to information obtained after the start of the Florida Action, on the basis that he was serving as "liaison" between the defendant in that action and the defendant's attorneys, and on the basis that there existed a common interest between Mr. Nguyen (and/or his former employer) and Dr. Wright.[1] As explained below, those assertions are meritless, and Mr. Nguyen should be compelled to answer questions relating to the Florida Action.

Pursuant to the Court's Standing Order (ECF No. 11), counsel intends to call chambers as soon as possible, and files this written motion in advance due to today's discovery deadline.

## II) FACTUAL BACKGROUND

In the Florida Action, Plaintiffs allege Dr. Craig Wright misappropriated billions of dollars of bitcoin and intellectual property from Dave Kleiman and W&K Info Defense

---

[1] As the deposition concluded a few hours ago, Plaintiffs do not yet have a final transcript to attach.

PLAINTIFFS' SECOND MOTION TO COMPEL    1    ROCHE CYRULNIK FREEDMAN LLP
(Case No. 2:20-cv-00593-BJR)                  200 S BISCAYNE BLVD., SUITE 5500
                                                             MIAMI, FL 33131
                                                            TEL: (305) 753-3675

Research, LLC, immediately following Dave's death in April 2013.  In particular, Plaintiffs allege Dr. Wright and David Kleiman were business partners, and that, pursuant to their partnership, they mined bitcoin and developed blockchain-related intellectual property together. (*See* Declaration of Velvel (Devin) Freedman filed herewith ("Freedman Decl."), Ex. 2, ¶¶ 7-19.) Dr. Wright is currently employed as the Chief Scientist of nChain, a company based in London. (*Id.* ¶ 17.).

Plaintiffs commenced the present action to compel Mr. Nguyen, who is the former CEO of nChain, to comply with the Subpoenas.  Plaintiffs have alleged that nChain possesses intellectual property that Plaintiffs allege Dr. Wright misappropriated.  (*See id.* ¶ 158.)

On April 6, 2020, Plaintiffs brought a motion to compel Mr. Nguyen's compliance with the Subpoenas, noting they had served Mr. Nguyen via email, Twitter, and certified mail; that they had attempted to personally serve Mr. Nguyen a number of times; and that they believed that he was intentionally evading service.  (*See* DE 1, at 1.)  On April 24, 2020, this Court issued an order compelling Mr. Nguyen—who had disregarded the Subpoenas for over two months—to comply with the Subpoenas by producing certain documents within five days of its order and sitting for a deposition within seven days of its order.  (DE 14, at 4.)

On April 30, pursuant to that order, Mr. Nguyen sat for a deposition.  At the deposition, Mr. Nguyen was instructed by his attorney and by Dr. Wright's attorney not to answer *any* questions that related to information obtained from Dr. Wright after the commencement of the Florida Action. This instruction went further to include, at times, instructions not to answer questions concerning communications with representatives of nChain shareholder Calvin Ayre. Those instructions were based on two theories: (1) Mr. Nguyen was a "liaison" for Dr. Wright with respect to the Florida Action and therefore was protected under Dr. Wright's attorney client

privilege; and (2) those communications were protected by a joint-defense or common-interest privilege. In particular, Mr. Nguyen's and Dr. Wright's attorneys represented that (1) nChain (Mr. Nguyen's former employer and Dr. Wright's current employer) and Dr. Wright had entered into a joint-defense agreement in early 2018, and (2) that Mr. Nguyen, nChain, and Dr. Wright had entered into a joint-defense agreement this month (April 2020).

Neither attorney asserted that Mr. Nguyen was operating as an attorney for Dr. Wright or any other entity, or that Mr. Nguyen had been retained by Dr. Wright's attorneys as a consulting expert. In fact, Mr. Nguyen expressly testified he was not acting as counsel to Dr. Wright. This makes sense as Mr. Nguyen has allowed his California bar license to go "inactive," which would mean offering legal advice could constitute a crime and/or ethical violation.[2]

### III) ARGUMENT

Under Federal Rule of Civil Procedure 37(a)(3)(B)(i), "[a] party seeking discovery may move for an order compelling an answer" when "a deponent fails to answer a question asked" at a deposition. "A motion for an order to a nonparty," such as Mr. Nguyen, "must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

---

[2] "Under section 6125 of the Business and Professional Code, members of the State Bar who are on inactive status may not practice law in California," and "Section 6068(a) makes violation of section 6125 a disciplinable offense." *Matter of Tady*, 2 Cal. State Bar Ct. Rptr. 121, 126 (Review Dept. 1992). "Any person . . . practicing law who is not an active licensee of the State Bar . . . is guilty of a misdemeanor punishable by up to one year in a county jail or by a fine of up to one thousand dollars ($1,000), or by both that fine and imprisonment." Cal. Bus. & Prof'l Code § 6126(a); *see also Early v. Becerra*, --- Cal. Rptr. 3d ---, 2020 WL 1610557, at *3 (Ct. App. Apr. 2, 2020) ("An inactive member may not practice law in California. An inactive member who practices law in the state is guilty of a misdemeanor." (citations omitted)). "It is established that the practice of law in California includes the giving of 'legal advice and legal instrument and contract preparation, whether or not these subjects were rendered in the course of litigation.'" *Simons v. Steverson*, 106 Cal. Rptr. 2d 193, 208 (Ct. App. 2001) (citations omitted); *see also Estate of Condon*, 76 Cal. Rptr. 2d 922, 925 (Ct. App. 1998) (same).

Here, Mr. Nguyen should be compelled to answer deposition questions relating to the Florida Action. Although his attorney and Dr. Wright's attorneys have claimed that Mr. Nguyen's communications relating to the Florida Action are protected by the attorney-client privilege, their position is unsupportable. Indeed, the opposite is true. And Dr. Wright has waived the attorney-client privilege with respect to *any* communications regarding the Florida Action that have been disclosed to, or in the presence of, Mr. Nguyen.

*First*, Mr. Nguyen's claim that he is a "liaison" for Dr. Wright with respect to the Florida Action does not provide a basis for finding that Dr. Wright has not waived the privilege. "Under Florida law, 'the attorney-client privilege extends to *necessary* intermediaries and agents through whom such communications are made,' such as interpreters, messengers, or other routine agents of transmission." *Regions Bank v. Chi. Title Ins. Co.*, No. 10-cv-80043, 2011 WL 13225147, at *3 (S.D. Fla. Nov. 7, 2011) (emphasis in original) (citations omitted). For example, one court found that attorney-client communications with a 74-year-old woman who suffered from short-term memory loss, glaucoma, and deafness—and who also required a translator—could be disclosed to her daughter without waiving the privilege. *See Witte v. Witte*, 126 So. 3d 1076, 1077–78 (Fla. Dist. Ct. App. 2012). In contrast, another court found that the privilege was waived when communications were disclosed to a friend. *See Total Mktg. Techs., Inc. v. Angel Medflight Worldwide Air Ambulance Servs., Inc.*, No. 8:10-cv-2680, 2012 WL 236880, at *2 (M.D. Fla. June 22, 2012).

Federal courts discussing these precedents have concluded that "[o]nly in extraordinary cases…has the attorney-client privilege been extended to the designated representative of an individual client." *In re N. Plaza, LLC*, No. 04-bk-00769, 2008 WL 7889912, at *3 (Bankr. S.D. Cal. May 30, 2008) (quoting *In re Grand Jury Subpoenas*, 995 F. Supp. 332, 340 (E.D.N.Y.

PLAINTIFFS' SECOND MOTION TO COMPEL     4     ROCHE CYRULNIK FREEDMAN LLP
(Case No. 2:20-cv-00593-BJR)     200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

1998), and analyzing *Gerheiser v. Stephens*, 712 So. 2d 1252, 1254 (Fla. Dist. Ct. App. 1998)). Indeed, one court explained that such an extension had only been found where the client was "either disabled or is in some unique position requiring another to intervene." *In re N. Plaza, LLC*, 395 B.R. 113, 124 (S.D. Cal. 2008); *see also In re Fox*, 709 F. App'x 504, 505 (9th Cir. 2018) (same); Restatement (Third) of the Law Governing Lawyers § 120 cmt. *i* (attorney-client privilege "extends to any communications between [an] incompetent person and the representative relating to the communication between the representative and the lawyer").

This is plainly not the case here. Dr. Wright, the client, is highly educated, a frequent public speaker (and, according to Mr. Nguyen, "a *headline* speaker" (ECF No. 9, ¶ 15 n.1)), and is gainfully employed. (*See* Freedman Decl., Ex. 3.) Indeed, he claims to have invented bitcoin—a cryptocurrency with a market capitalization exceeding $100 billion and what is recognized as one of the greatest inventions of the digital age. Moreover, it cannot be argued that Mr. Nguyen's presence is *necessary*, or even reasonably necessary, for Dr. Wright to communicate with his lawyers. Just last month, in the Florida Action, Dr. Wright asserted that he maintains an attorney-client relationship with a Kenyan attorney named Denis Mayaka, and Mr. Nguyen testified at his deposition that he has never "liaised" with Mr. Mayaka. (*See* Freedman Decl., Ex. 4, at 4.) Furthermore, throughout the course of two years of litigation, Dr. Wright has personally attended an evidentiary hearing and four depositions in the Florida Action represented solely by his counsel. Clearly, Mr. Nguyen is not necessary.

*Second*, Mr. Nguyen's claim that his communications relating to the Florida Action are privileged because he somehow shares a common interest with Dr. Wright is no more persuasive.

The common-interest or joint-defense doctrine "does not operate to create or extend the scope of the attorney-client privilege." *Regions Bank*, 2011 WL 13225147, at *4. Instead, it is

"an exception to waiver of an already-privileged communication shared with third parties." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-cv-00236, 2019 WL 1589974, at *6 (N.D. Cal. Apr. 11, 2019); *see also Regions Bank*, 2011 WL 13225147, at *4 (characterizing doctrine as "a limited exception to the general rule of waiver"). And for that exception to apply, the third-party communication must involve an attorney for one of the parties sharing the common interest. *See Regions Bank*, 2011 WL 13225147, at *4 (doctrine inapplicable, where communications were between parties, and did not involve attorneys); *In re Indianatown Realty Partners L.P.*, 270 B.R. 532, 539 (S.D. Fla. 2001) (same); *see also OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, No. 14-cv-085, 2015 WL 11117150, at *2 (E.D. Wash. June 1, 2015) ("The communications, however, must be shared by attorneys for the separate parties.").

Moreover, the communication must be shared pursuant to a common *legal* interest. *See Spencer v. Taco Bell Corp.*, No. 8:12-cv-387, 2013 WL 12156093, at *2 (M.D. Fla. Apr. 23, 2013) ("Thus, the 'proponent of the joint defense/common interest privilege must establish that when communications were shared among individuals with common legal interests, the act of sharing was part of an ongoing legal enterprise."). Indeed, the "doctrine does not encompass a joint business strategy which happens to include as one of its elements a concern about litigation." *Id.* (citations omitted).

Here, Mr. Nguyen's communications with Dr. Wright—regardless of whether Mr. Nguyen was acting in his personal capacity or in his capacity as a representative of nChain—cannot fall within the common-interest doctrine because those communications did not involve any attorneys. Additionally, with respect to communications between Mr. Nguyen in his individual capacity and Dr. Wright, there is no evidence whatsoever that Mr. Nguyen, a private

individual, has any common *legal* interest with Dr. Wright, even if they are both commercially interested in Bitcoin SV. *See Spencer*, 2013 WL 12156093, at *2 (doctrine inapplicable if interest is commercial). In fact, at the deposition, Mr. Nguyen testified that he does not believe he will be personally affected by the outcome of the litigation.

Moreover, to the extent that Mr. Nguyen acted in his capacity as a representative of nChain, his communications with Dr. Wright *still* would not be covered by the common-interest doctrine.[3] Mr. Nguyen left his role as CEO of nChain in late 2018. (*See* DE 9, ¶ 4.)

Finally, even if Mr. Nguyen were a representative of Dr. Wright, and even if Dr. Wright and nChain shared a common legal interest, Mr. Nguyen's communications with nChain shareholders (or their representatives) would not be covered by the common-interest doctrine because Dr. Wright and nChain's *shareholders* do not share any common *legal* interest. *See Net2Phone, Inc. v. eBay, Inc.*, No. 06-cv-2469, 2008 WL 8183817, at *8 ("While shareholders and the corporation may share an interest in commercial success, this shared economic interest is not a legal interest.").

### IV) CONCLUSION

Because Mr. Nguyen's evasion of service prevented this issue from emerging sooner, and given that the discovery deadline is today, May 1, Plaintiffs have no choice but to seek the assistance of this Court on what they recognize is an extremely abbreviated timeline. Plaintiffs respectfully request that the Court grant their Second Motion to Compel, and find that (i) Craig Wright cannot invoke the attorney client privilege to prevent Mr. Nguyen from testifying in this

---

[3] The existence of purported joint defense agreements is not sufficient to establish that the common-interest doctrine is applicable. *See, e.g.*, *Ala. Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-cv-03577, 2017 WL 4585582, at *2 (N.D. Ala. Apr. 25, 2017).

action; that (ii) neither Mr. Nguyen nor Craig Wright can invoke a joint defense privilege to shield his testimony in this action; and that (iii) Mr. Nguyen shall sit for a second deposition not to exceed three hours where Plaintiffs shall be entitled to ask questions they were unable to ask due to the instructions Mr. Nguyen received from his counsel and counsel from Dr. Wright.

Respectfully submitted,

Dated: May 1, 2020

**CLOUTIER ARNOLD JACOBOWITZ, PLLC**

/s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
2701 1st Ave., Ste. #200
Seattle, WA 98121
206-769-3759
Fax: 206-866-3234
manny@CAJlawyers.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
*Pro Hac Vice Pending*
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

Stephen Lagos, Esq.
*Pro Hac Vice Pending*
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
slagos@rcfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/* Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991