HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*IN RE SUBPOENA TO JIMMY NGUYEN*

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman; and W&K Info Defense Research, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>Defendant. | CASE NO. 20-cv-00593-BJR<br><br>**NON-PARTY JIMMY NGUYEN'S MOTION TO FILE UNDER SEAL EXHIBIT TO RESPONSE TO PLAINTIFFS' SECOND MOTION TO COMPEL**<br><br>**WITHOUT ORAL ARGUMENT** |

Pursuant to LCR 5(g)(3), Non-Party Deponent Jimmy Nguyen respectfully requests that the Court seal Mr. Nguyen's April 30, 2020 deposition transcript in support of his Response to Plaintiff's Second Motion to Compel ("Response"). Alternatively, Mr. Nguyen requests permission to submit his deposition to the Court *in camera*.

**CERTIFICATION**

Pursuant to LCR 5(g)(3)(A), counsel for Nguyen certifies that they contacted counsel for Kleiman, on May 5, 2020, seeking to confer on the need for these documents to be filed under seal. Counsel responded that it is Kleiman's position that the transcript does not need to

NON-PARTY JIMMY NGUYEN'S MOTION TO FILE
UNDER SEAL EXHIBIT TO RESPONSE TO
PLAINTIFFS' SECOND MOTION TO COMPEL
(USDC Case No. 20-cv-00593-BJR)
Page 1 of 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

be filed under seal.[1]

## INTRODUCTION

The public's right to inspect judicial records is not absolute. While there is a strong presumption in favor of public access, this right cannot overcome privacy interests in protecting trade secrets, intellectual property, confidential financial information, and personal identifying information from public disclosure. Non-party deponent, Jimmy Nguyen, requests that his deposition transcript, submitted in support of his Response to Plaintiffs' non-dispositive second motion to compel, be filed under seal to protect such confidential information from public disclosure.

## STATEMENT OF FACTS

Mr. Nguyen was compelled to produce documents and sit for a deposition as a non-party witness in litigation currently pending in the United States District Court for the Southern District of Florida.[2] On April 29, 2020, Mr. Nguyen served his Response to Plaintiffs' Document Subpoena and produced 1,692 pages of responsive documents. The following day, Mr. Nguyen sat for his video-deposition and testified for seven hours. The only questions Mr. Nguyen was instructed not to answer concerned litigation-related communications with Dr. Wright, Dr. Wright's counsel, and the nChain Group of companies.

Mr. Nguyen's documents and deposition were designated confidential pursuant to the parties' Stipulated Confidentiality Order entered in the Florida litigation [DE 105].

The Florida litigation involves a number of alleged intellectual property disputes and alleged misappropriation of trade secrets. While serving as CEO of nChain, Mr. Nguyen worked closely with the nChain's Chief Scientist, Defendant Dr. Wright. In this role, Mr. Nguyen was privy to all manner of confidential propriety information. At deposition, Mr.

---

[1] *See* meet and confer email exchange attached hereto as "Ex. A."
[2] *See Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB/BR.

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1 Nguyen was asked also to testify regarding his personal financial information (including his
2 current salary), his personal identifying information, his personal Bitcoin holdings, nChain's
3 confidential proprietary information and intellectual property, nChain's confidential business
4 records, and Dr. Wright's confidential information. The only questions Mr. Nguyen did not
5 answer (which are the subject of Plaintiff's Second Motion to Compel), were questions that
6 implicated privileged attorney-client communications and confidential work product.

7 Mr. Nguyen's deposition transcript is now offered in support of his Response to
8 Plaintiffs' Second Motion to Compel. The transcript demonstrates Mr. Nguyen's compliance
9 with his discovery obligations and his valid refusal to disclose privileged information. Mr.
10 Nguyen requests permission to file the transcript under seal to avoid any unnecessary public
11 disclosure of confidential information on a non-dispositive motion that is tangential to the
12 actual merits of the Florida lawsuit. Alternatively, Mr. Nguyen requests permission to submit
13 his deposition to the Court for *in camera* review.

14 **ARGUMENT**

15 When determining whether the presumption in favor of public access has been
16 overcome, courts apply two different standards, depending on the type of motion at issue.
17 "[C]ompelling reasons must be shown to seal judicial records attached to a dispositive motion."
18 *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). For non-
19 dispositive motions, "a particularized showing, under the 'good cause' standard of Rule 26(c)
20 will suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-
21 dispositive motions." *Id*. (citation omitted) (internal quotations omitted). As the Supreme
22 Court recognized, discovery is largely "conducted in private as a matter of modern practice,"
23 so the public is not presumed to have a right of access to it. *Seattle Times Co. v.*
24 *Rhinehart,* 467 U.S. 20, 33 (1984).

25

NON-PARTY JIMMY NGUYEN'S MOTION TO FILE
UNDER SEAL EXHIBIT TO RESPONSE TO
PLAINTIFFS' SECOND MOTION TO COMPEL
(USDC Case No. 20-cv-00593-BJR)
Page 3 of 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1    In this instance, good cause is all that is needed to warrant sealing Mr. Nguyen's transcript. It is submitted to the Court to justify Mr. Nguyen's refusal to answer questions that would reveal privileged attorney-client communications and confidential work product. The issue of whether Mr. Nguyen should be compelled to answer these questions is completely tangential to the actual merits of the pending litigation. *See Kamakana*, 447 F.3d at 1179. Moreover, the testimony in Mr. Nguyen's transcript easily meets the "compelling reasons" standard applied to dispositive motions. Courts routinely find compelling reasons to seal documents that are "sources of business information that might harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008).

Examples of such business-related information include marketing strategies, sales data, development plans, employee compensation plans. *See e.g. Bauer Bros. Ltd. Liab. Co. v. Nike, Inc.*, 2012 WL 1899838 (S.D. Cal. May 24, 2012) (finding compelling reasons to seal because "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development."); *see also Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274 (N.D. Cal. Mar. 10, 2010) (sealing documents containing internal information about Sun's business and product strategies, the disclosure of which would harm Sun); *Hill v. Xerox Corp.*, 2014 WL 1356212 (W.D. Wash. Apr. 7, 2014) (finding compelling reasons to seal document revealing employee compensation plan).

There are also compelling reasons to protect identifying information of non-parties who do not seek to place their private information in the public sphere. *Moussouris v. Microsoft Corp.*, 2018 WL 2016851, at *3 (W.D. Wash. Apr. 16, 2018). Identifying information, such as

NON-PARTY JIMMY NGUYEN'S MOTION TO FILE
UNDER SEAL EXHIBIT TO RESPONSE TO
PLAINTIFFS' SECOND MOTION TO COMPEL
(USDC Case No. 20-cv-00593-BJR)
Page 4 of 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Mr. Nguyen's personal contact information and compensation are only tangentially related to this litigation, if at all, and should not be disclosed on the public record. *Id.* at *5; *see also Spam Arrest, LLC v. Replacements, Ltd.*, C12-481RAJ, 2013 WL 4478645, at *2 (W.D. Wash. Aug. 20, 2013) (recognizing a privacy interest in redacting the email addresses of a party's customers). While non-party identifying information may eventually become relevant to a claim, at this stage, revealing Mr. Nguyen's private information on a motion to determine whether certain deposition questions are subject to attorney-client privilege is inappropriate. *Delaittre v. Berryhill*, 2017 WL 6310483, at *4 (W.D. Wash. Dec. 11, 2017) ("To the extent the documents discuss or reveal information about third parties not identified in or directly related to the allegations in plaintiff's complaint, the need for confidentiality is particularly compelling."). Should such information ultimately be relevant to the merits of the litigation, the information can be unsealed. *Kamakana*, 447 F.3d at 1179.

## IV. CONCLUSION

Disclosure of Mr. Nguyen's personal financial information, his personal identifying information, his personal Bitcoin holdings, nChain's confidential proprietary information and intellectual property, nChain's confidential business records, and Dr. Wright's confidential information violates the privacy rights of the stakeholders and would cause them competitive. The compelling interest in protecting this information on a tangential discovery motion far outweighs any right of public access to judicial records. Mr. Nguyen respectfully requests that the Court seal Mr. Nguyen's deposition transcript or allow it to be submitted to the Court *in camera*.

DATED this 6th day of May, 2020.

NON-PARTY JIMMY NGUYEN'S MOTION TO FILE
UNDER SEAL EXHIBIT TO RESPONSE TO
PLAINTIFFS' SECOND MOTION TO COMPEL
(USDC Case No. 20-cv-00593-BJR)
Page 5 of 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

/s/ Scott B. Henrie
Scott B. Henrie, WSBA #12673
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
E-mail: shenrie@williamskastner.com

and

/s/ Spencer H. Silverglate
Spencer H. Silverglate, FL Bar No. 769223
*Pro Hac Vice Application Pending*
Trevor Gillum, FL Bar No. 1003867
*Pro Hac Vice Application Pending*
CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, FL 33131-2805
Telephone: (305) 377-0700
Email: ssilverglate@cspalaw.com; and
tgillum@cspalaw.com

**Attorneys for James "Jimmy" Nguyen, Subpoenaed Individual**

NON-PARTY JIMMY NGUYEN'S MOTION TO FILE
UNDER SEAL EXHIBIT TO RESPONSE TO
PLAINTIFFS' SECOND MOTION TO COMPEL
(USDC Case No. 20-cv-00593-BJR)
Page 6 of 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 6, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to those registered with CM/ECF.

Further, I hereby certify that on May 6, 2020, I provided the foregoing to following non-CM/ECF participants via Electronic Mail/Email:

*Counsel for Plaintiffs:*

Emanuel Jacobowitz, WSBA #39991
CLOUTIER ARNOLD JACOBOWITZ, PLLC
2701 1st Ave., Ste. #200
Seattle, WA 98121
Telephone: 206-769-3759
Email: manny@CAJlawyers.com

Kyle W. Roche and Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, Suite 1910
New York, NY 10016
Email: kyle@rcfllp.com; and
jdelich@rcfllp.com

Velvel (Devin) Freedman, FL Bar No. 99762
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd, Suite 5500
Miami, FL 33131
Telephone: (305) 357-3861
Email: vel@rcfllp.com; and
nbermond@rcfllp.com

Andrew S. Brenner
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Email: abrenner@bsfllp.com

*Counsel for Defendant:*
Amanda McGovern
Email: amcgovern@riveromestre.com

DATED this 6th day of May, 2020.

/s/ *Scott B. Henrie*
Scott B. Henrie, WSBA #12673
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600  Fax: (206) 628-6611
Email: shenrie@williamskastner.com

***Attorneys for James "Jimmy" Nguyen, Subpoenaed Individual***

NON-PARTY JIMMY NGUYEN'S MOTION TO FILE UNDER SEAL EXHIBIT TO RESPONSE TO PLAINTIFFS' SECOND MOTION TO COMPEL
(USDC Case No. 20-cv-00593-BJR)
Page 7 of 7

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

# Exhibit A

**From:** Velvel Freedman [mailto:vel@rcfllp.com]
**Sent:** Tuesday, May 05, 2020 1:14 PM
**To:** Spencer Silverglate
**Cc:** Trevor Gillum; Manny Jacobowitz; Stephen Lagos; Joseph Delich; Henrie, Scott; 'Andres Rivero'; 'Amanda McGovern'
**Subject:** Re: Kleiman v Wright - papers and call

Spencer,

We think it more appropriate to redact the portions that you deem confidential as opposed to wholesale designating it "confidential." We'd be happy to review proposed redactions.

-Vel

**Velvel (Devin) Freedman**
Partner

Roche Cyrulnik Freedman LLP
Southeast Financial Center
200 S Biscayne Blvd
Suite 5500
Miami, FL 33131
(t) (305) 753-3675
(@) vel@rcfllp.com


**From:** Spencer Silverglate <ssilverglate@cspalaw.com>
**Date:** Tuesday, May 5, 2020 at 1:11 PM
**To:** Velvel Freedman <vel@rcfllp.com>
**Cc:** Trevor Gillum <TGillum@cspalaw.com>, Manny Jacobowitz <manny@caoteam.com>, Stephen Lagos <slagos@rcfllp.com>, Joseph Delich <jdelich@rcfllp.com>, "Henrie, Scott" <shenrie@williamskastner.com>, Andres Rivero <arivero@riveromestre.com>, Amanda McGovern <amcgovern@riveromestre.com>
**Subject:** RE: Kleiman v Wright - papers and call

Vel,

We intend to file Mr. Nguyen's deposition transcript under seal in response to Plaintiffs' Second Motion to Compel Against Mr. Nguyen. Please let me know by close of business today if you object.

Thank you,
Spencer

**Spencer H. Silverglate, Esq.**
Chairman, President
bio | vcard | email | map | website

CLARKE
SILVERGLATE

799 brickell plaza
suite 900
miami, florida 33131
phone: 305-377-0700
fax: 305-377-3001
direct line: 305-347-1557
e-mail: ssilverglate@cspalaw.com
www.cspalaw.com




Confidentiality Notice: The information contained in this transmittal, including any attachment, is privileged and confidential and is intended only for the person or entity to whom it is addressed. If you are neither the intended recipient nor the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, copying or distribution or the taking of any action in reliance on the contents of this transmittal is strictly prohibited. If you have received this transmittal in error, please contact the sender immediately and delete this transmittal from any computer or other data bank.

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.