HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*IN RE SUBPOENA TO JIMMY NGUYEN*

IRA KLEIMAN, as the personal representative
of the Estate of David Kleiman; and W&K Info
Defense Research, LLC,

      Plaintiffs,

    v.

CRAIG WRIGHT,

      Defendant.

CASE NO. 20-cv-00593-BJR

**NON-PARTY JIMMY NGUYEN'S
RESPONSE TO PLAINTIFFS'
SECOND MOTION TO COMPEL**

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

The defendant in the underlying Florida lawsuit, Craig S. Wright, Ph.D., and his non-party employer nChain Limited, are not before this Court, but each of their vital interests are at stake. Plaintiffs are using the deposition of non-party witness Mr. Nguyen—nChain's former CEO and Dr. Wright's liaison in the Florida lawsuit—as a back-door attempt to obtain Dr. Wright and nChain's own confidential, privileged litigation communications. At issue in the Florida lawsuit, according to Plaintiffs, are billions of dollars related to the alleged misappropriation of Bitcoin and related intellectual property. The case has been hotly contested for over two years and is set for trial in July 2020. Plaintiffs' motion asks this Court to rule that Dr. Wright and nChain's privileged, litigation-related communications with and through Mr. Nguyen have been waived.

As an initial matter, Mr. Nguyen has gone above and beyond his discovery obligations as a non-party witness. Plaintiffs neglect to inform the Court that Mr. Nguyen produced 1,692 pages of documents in response to their subpoena and then sat for a *seven-hour* deposition. Mr. Nguyen answered each and every question posed to him, save only those few that were protected by black-letter privileges: attorney-client, work product, and common interest—all of which are documented in written agreements which can be produced to the Court *in camera*.

Plaintiffs' tactic is to litigate Dr. Wright and nChain's attorney-client privileges and work product protection in a satellite proceeding in which both are absent. And they seek to leverage this Court's prior Order regarding *service* of Mr. Nguyen's deposition subpoena in hopes of obtaining a ruling that legal privileges have been waived—as if the two concepts somehow are related. The gambit should be summarily rejected. Dr. Wright and nChain's confidential, litigation-related communications with Mr. Nguyen are text book examples of privileged and work product communications. Plaintiffs should not be permitted to invade the legal privileges of absent parties through a legally flawed collateral attack.

NON-PARTY JIMMY NGUYEN'S RESPONSE
TO PLAINTIFFS' SECOND MOTION TO COMPEL
 (USDC Case No. 20-cv-00593-BJR)
Page 2 of 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# FACTS

Plaintiffs has moved to compel Mr. Nguyen to comply with a subpoena *duces tecum* in connection with an action in the Southern District of Florida.[1] [Dkt. No. 1]. Mr. Nguyen opposed the motion on grounds that service of the subpoena was improper. [Dkt. No. 8]. On April 24, 2020, this Court granted Plaintiffs' motion and required Mr. Nguyen to produce the requested documents within five days and to sit for a video-deposition within seven days. [Dkt. No. 14]. Mr. Nguyen complied with both directives. Mr. Nguyen served his timely Response to Plaintiffs' Document Subpoena and produced 1,692 pages of responsive documents. [Ex. A]. The following day, Mr. Nguyen gave a seven-hour deposition.[2] The few questions Mr. Nguyen was instructed not to answer concerned privileged communications with Dr. Wright, the nChain Group of companies, and their respective counsel.

### A. Dr. Wright and nChain

In December 2017, Mr. Nguyen became CEO of nChain,[3] a leading blockchain technology companies. [Nguyen Decl. ¶ 3]. Dr. Wright is nChain Limited's Chief Scientist. [*Id.*]. Dr. Wright is a brilliant scientist but has difficulty communicating his ideas in a way that other people can understand. [*Id.* ¶ 4]. This problem occurs especially when Dr. Wright discusses Bitcoin and blockchain technology concepts to laypeople. [*Id.*]. As his work colleague, Mr. Nguyen came to understand how to decipher and convey Dr. Wright's communications. [*Id.* ¶ 5].

### B. The Florida Lawsuit

Mr. Nguyen learned of the Florida lawsuit in February 2018. [*Id.* ¶ 6]. He understood, based on the complaint, that Plaintiffs claimed a share of Dr. Wright and David Kleiman's alleged jointly-mined Bitcoin and alleged related intellectual property. [*Id.* ¶¶ 6-7]. Regarding intellectual property, the complaint alleged that Dr. Wright filed hundreds of patents related to Bitcoin and

---

[1] *See Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB/BR.

[2] Filed contemporaneously herewith is Mr. Nguyen's motion to seal his confidential deposition transcript. Ex. B hereto

[3] The nChain Group includes nChain Limited, a U.K. company, and nChain Holdings Limited, an Antiguan company (collectively, "nChain").

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

blockchain technology through nChain. [DE 1 ¶ 117]. Mr. Nguyen understood from the complaint that Mr. Kleiman's estate might at some point attempt to assert claims against nChain. [Nguyen Decl. ¶10]. Mr. Nguyen had little knowledge of Mr. Kleiman before the Florida lawsuit. [*Id.* ¶ 23]. Almost all his knowledge was gained through confidential communications during the litigation. [*Id.* ¶ 24].

### C.  Mr. Nguyen's Role as Dr. Wright's Litigation Liaison

Shortly after the Florida lawsuit was filed, Dr. Wright asked Mr. Nguyen to help him find counsel and to assist him with the litigation. [*Id.* ¶ 11]. Mr. Nguyen explained to Dr. Wright that he was no longer practiced law and could not act as his lawyer. [*Id.*]. Dr. Wright, nevertheless, requested that Mr. Nguyen serve as his liaison to facilitate communication with his counsel, especially with helping Dr. Wright explain Bitcoin and blockchain issues to his counsel and helping his counsel interpret Dr. Wright. [*Id.*]. Mr. Nguyen was the obvious choice to act in this role because he understood how to communicate with Dr. Wright, understood Bitcoin, and was a former U.S. lawyer. [*Id.*].

Mr. Nguyen played an integral role in selecting Dr. Wright's litigation team. [*Id.* ¶ 12]. Since then, Mr. Nguyen has acted as liaison between Dr. Wright and his litigation team, interfaced between Dr. Wright and his counsel to explain topics that affected defense strategies, and communicated the lawyers' mental impressions to Dr. Wright, and vice-vera. [*Id.*]. Mr. Nguyen also liaised with Dr. Wright's litigation funder Calvin Ayre and Mr. Ayre's legal representative Ron Tarter. [*Id.* ¶ 13].

### D.  Common Interest Agreements[4]

Mr. Nguyen also selected and engaged a law firm to represent nChain in connection with the subject matter of the Florida Lawsuit. [*Id.* ¶ 15]. He also monitored the litigation on behalf

---

[4] Mr. Nguyen will make the two written Common Interest Agreements available to the Court for an *in camera* review.  *See Phase II Chin, LLC v. Forum Shops, LLC*, 2010 WL 11636216, at *9 (D. Nev. Mar. 2, 2010) (finding it "appropriate for the Court to review the agreement *in camera* to determine that such an agreement, in fact, exists and to also verify its effective date and the parties to the agreement")

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1   nChain and engaged in related confidential communications with senior leaders of nChain and
2   with nChain and Dr. Wright's respective legal counsel. [*Id.*].

3        In April 2018, a Common Interest Agreement was executed between Dr. Wright and
4   nChain. [*Id.* ¶ 16]. The 2018 Agreement, which Mr. Nguyen signed on behalf of nChain, was
5   made expressly with respect to the Florida lawsuit and any related litigation. [*Id.*]. Because the
6   Florida lawsuit made allegations regarding certain of nChain's intellectual property, nChain and
7   Dr. Wright, as nChain's Chief Scientist, shared a common interest in protecting nChain's patents
8   and other intellectual property. [*Id.*]. The purpose of the Common Interest Agreement was to
9   enable nChain and Dr. Wright and their lawyers to confer and share litigation-related information
10  without waiving legal privileges and work product protections. [*Id.*].

11       In December 2018, Mr. Nguyen transitioned from nChain CEO to Chair of nChain's
12  Strategic Advisory Board, a position he held until March 2020. [*Id.* ¶¶ 18-19]. As Chair of the
13  Strategic Advisory Board, Mr. Nguyen's interacted with third-party companies on behalf of
14  nChain related to ongoing business matters in which he had been involved in his former nChain
15  positions; attended meetings with and advising nChain executives; and assisted with nChain's
16  media and public relations activities. [*Id.* ¶ 18]. Mr. Nguyen also continued to monitor the Florida
17  litigation on behalf of nChain and engaged in related confidential communications with its senior
18  leaders, counsel, and with Dr. Wright's counsel. [*Id.*].

19       On March 16, 2020, Mr. Nguyen confirmed that Dr. Wright wanted him to continue in the
20  liaison role for the Florida lawsuit even though Mr. Nguyen no longer held any position with
21  nChain. [*Id.* ¶ 20]. Dr. Wright agreed and confirmed the continuing relationship in an email dated
22  March 27, 2020. [*Id.*]. In April 2020, a second Common Interest Agreement was executed
23  between Dr. Wright, Mr. Nguyen personally, and nChain Group Holdings Limited (the current
24  holding company for the nChain Group of companies). [*Id.* ¶ 21]. Because Mr. Nguyen still
25  serves as Dr. Wright's legal liaison, he shares a common interest with nChain and Dr. Wright in
    protecting their legal interests. [*Id.*].

## ARGUMENT

Federal law governs the application and scope of the work product doctrine in federal cases, *McKenzie Law Firm, P.A. v. Ruby Receptionists, Inc.*, 333 F.R.D. 638 (D. Or. 2019), but not necessarily the attorney-client privilege. Per Federal Rule of Evidence 501, federal common law governs the attorney-client privilege in federal question cases; state law applies in diversity cases. *Wilcox v. Arpaio*, 753 F.3d 872 (9th Cir. 2014). Where, as in the Florida lawsuit, federal jurisdiction is based *both* on diversity of citizenship *and* federal question, is unclear whether the attorney-client privilege is governed by Florida state law or federal common law. *Compare Eagle Precision Tech., Inc. v. Eaton Leonard Robolix, Inc*, 2005 WL 6453567, at *2-7 (S.D. Cal. May 12, 2005) (applying state privilege law), *with Natural-Immunogenics Corp. v. Newport Trial Group*, 2017 WL 10562762, at *3-4 (C.D. Cal. June 27, 2017) (applying federal privilege law). The issue is largely academic, however, because, as described below, federal common law is consistent with Florida law on attorney-client privilege and work product.

**A. Mr. Nguyen's Litigation-Related Communications with nChain and Dr. Wright and their Respective Counsel are Work Product and Attorney-Client Privileged.**

"Ordinarily, a party may not discover documents[5] and tangible things that are prepared in anticipation of litigation or for trial by or for another party *or its representative* (including the other party's attorney, *consultant*, surety, indemnitor, insurer, or *agent*). Fed. R. Civ. P. 26(b)(3) (emphasis added). "The work product doctrine provides a qualified immunity for materials prepared in anticipation of litigation by a party, an attorney, *or other representative of the party*." *Youngevity Int'l, Inc. v. Smith*, 2017 WL 4227025, at *3 (S.D. Cal. Sept. 22, 2017) (emphasis added). Work product protection has been extended to former employees, *Carlin v. Dairy America*, 2017 WL 3896327, at *3 (E.D. Cal. September 6, 2017), consultants, *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900 (9th Cir. 2004), and even public relations firms, *Anderson v. Seaworld Parks and Ent., Inc*., 329 FRD 628, 636 (N.D. Cal. 2019).

---

[5] No documents have been withheld because of work product, and Plaintiffs' do not quibble with Mr. Nguyen's document production.

NON-PARTY JIMMY NGUYEN'S RESPONSE
TO PLAINTIFFS' SECOND MOTION TO COMPEL
 (USDC Case No. 20-cv-00593-BJR)
Page 6 of 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Mr. Nguyen's role as nChain's CEO and Strategic Advisory Board Chair, and litigation liaison and representative for both nChain and Dr. Wright, easily qualifies his litigation-related communications with each and with their respective counsel as work product.

Mr. Nguyen's litigation-related communications also are attorney-client privileged. "The attorney-client privilege protects from discovery 'confidential communications between attorneys and clients, which are made for the purpose of giving legal advice.'" *Narog v. City of Redwood City*, C-13-03237 DMR, 2014 WL 1088297, at *3 (N.D. Cal. Mar. 17, 2014). In the corporate context—as with nChain—the attorney-client privilege is not limited to a "control group" of high-level corporate employees. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981). Rather, the privilege extends to *anyone* who assists with the litigation and acts as the "functional equivalent" of an employee, including independent contractors, agents, consultants, former employees, and former board members. *See In re Bieter Co.*, 16 F. 3d 929, 937-38 (8th Cir. 1994); *United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) (adopting *Bieter*). "[W]here attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure." *Guidiville Rancheria of California v. United States*, 2013 WL 6571945, at *3 (N.D. Cal. Dec. 13, 2013).

The concept applies with equal force where the client is an individual like Dr. Wright. Under the so-called *Kovel* doctrine, *anyone* may qualify as a "privileged agent" if utilized to improve the attorney's comprehension of information or the client's comprehension of legal advice. *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) (accounting expert serving as intermediary); *Iscaro v. Flavor Delite, Inc.*, 2015 WL 12780954, at *1 (S.D. Fla. June 26, 2015) (intermediary was plaintiff's sister-in-law on whom she relied for her "business savvy to help her evaluate and/or comprehend information coming from the attorneys"); *Segerstrom v. United States*, 2001 WL 283805, at *3 (N.D. Cal. Feb. 6, 2001) (financial advisor serving as intermediary).

NON-PARTY JIMMY NGUYEN'S RESPONSE
TO PLAINTIFFS' SECOND MOTION TO COMPEL
 (USDC Case No. 20-cv-00593-BJR)
Page 7 of 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

The idea that legal privileges attach to Mr. Nguyen's litigation-related communications is not a close question. Mr. Nguyen's positions as nChain CEO and Chair of its Strategic Advisory Board[6] and his role in hiring legal counsel in the Florida lawsuit for both nChain and Dr. Wright, monitoring the case on their behalves, and liaising with their respective counsel, easily satisfies the criteria for extending attorney-client and work product protections to his litigation-related communications. Mr. Nguyen "possesses the very sort of information that the privilege envisions flowing most freely" and is "precisely the sort of person with whom a lawyer would wish to confer confidentially." *Graf*, 610 F.3d at 1158 (9th Cir. 2010).[7]

Plaintiffs incorrectly claim that Mr. Nguyen's confidential communications with Dr. Wright's litigation funder Calvin Ayre or his legal representative are not protected.[8] *In re Int'l Oil Trading Co., LLC*, 548 B.R. 825 (Bankr. S.D. Fla. 2016), held that both the attorney-client and work product doctrine extend to communications with a litigation funder. The court observed that "[F]ederal courts applying Florida law lean toward the more expansive 'common enterprise' approach to the "common interest" exception. In fact, the official comment following Fla. Stat. § 90.502[9] provides specific examples of parties to whom disclosure may be allowed including, without limitation, '*business associates*.'" *Id.* at 833 (emphasis added). The court concluded:

> [The] case law applying the broader approach to the 'agency exception' is more
> consistent with the purpose for the exception and thus better reasoned. The broader
> approach to the "agency exception" is also in agreement with Florida law. Florida

---

[6] *See Digital Vending Serv. Int'l, Inc. v. Univ. of Phoenix, Inc*., 2013 WL 1560212 (E.D. Va. April 12, 2013) (attorney-client privilege applied to *former* board member who liaised with the company's litigation team); *In re High-Tech Employee Antitrust Litigation*, 2013 WL 772668, at *3 (N.D. Cal. Feb. 28, 2013) (privilege applied to an "executive whisperer," who served "[e]ither as consultant or part-time employee" advising "Google's seniormost management").

[7] Plaintiffs misplace reliance on *In re N. Plaza, LLC*, (Bankr. S.D. Cal. May 30, 2008), which involved communications among an individual with whom the client only had a "personal relationship."

[8] Plaintiffs' position is incorrect and hypocritical, as they also have a litigation funder and would not be keen to share their own communications.

[9] Plaintiffs' misplace reliance on *Gerheiser v. Stephens*, 712 So. 2d 1252 (Fla. 4th DCA 1998), and *Witte v. Witte*, 126 So. 3d 1076 (Fla. 4th DCA 2012). Both cases addressed whether third parties were necessary for the *transmission* of privileged communications under Florida Statute section 90.502(1)(c)(**2**). Here, Mr. Nguyen's liaison role falls under section 90.502(1)(c)(**1**), which concerns communications in "furtherance of the rendition of legal services."

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

Statutes § 90.502(c)(2) [sic: (c)(1)] protects communications with those 'to whom disclosure is in furtherance of the rendition of legal services to the client.' This protection is in addition to the protection of communications with those 'reasonably necessary for the transmission of the communication,' a provision that protects communications shared with secretarial staff and *other intermediaries*. Read together it appears these provisions are intended to protect communications with *any party* who assists the client in obtaining legal services. *Litigation funders fall in this category. One would need to assign a hackneyed construction to the statute to reach another conclusion.*

*Id.* at 834 (emphasis added).

In short, the concept that attorney-client privilege and work product protections extend to "any party who assists the client in obtaining legal services" applies equally to Dr. Wright's litigation funder Mr. Ayre as it does to Mr. Nguyen. Mr. Nguyen assisted Dr. Wright in searching for, selecting, and liaising with his defense team for the Florida lawsuit. Mr. Nguyen was and is a critical member of the litigation team, and Dr. Wright did not waive his attorney-client privilege by sharing litigation-related confidences with him. Only Plaintiffs' "hackneyed construction" could lead to a different conclusion.

**B. Mr. Nguyen's Litigation-Related Communications with nChain and Dr. Wright and their Respective Counsel Also are Protected by Two Joint Defense Agreements.**

"The 'common interest' or 'joint defense' doctrine is an exception to the general rule that disclosure of protected material to third parties constitutes a waiver." *Youngevity Int'l, Inc.*, 2017 WL 4227025, at *3. It allows parties "to disclose privileged information to each other without destroying the privileged nature of those communications." *Lectrolarm Custom Sys., Inc. v. Pelco Sales, Inc.*, 212 F.R.D. 567, 572 (E.D. Cal. 2002). The common interest privilege applies where "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003).

Contrary to Plaintiffs' contention, the common interest privilege protects both attorney-client privileged communications *and* work product. *Griffith v. Davis*, 161 F.R.D. 687, 692 (C.D. Cal. 1995) ("The common defense doctrine, often referred to as the 'joint defense privilege,'

NON-PARTY JIMMY NGUYEN'S RESPONSE
TO PLAINTIFFS' SECOND MOTION TO COMPEL
 (USDC Case No. 20-cv-00593-BJR)
Page 9 of 12

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

basically expands application of the attorney-client privilege *or the work-product doctrine* to circumstances in which it otherwise might not apply."). (Citation omitted; emphasis added).

Joint defense agreements may be written or unwritten, express or implied. *Unites States v. Gonzalez*, 669 F.3d 974, 979 (9th Cir. 2012). Here, the Common Interest Agreements[10] are in writing and between parties who share obvious common legal interests: Dr. Wright is the defendant in the Florida lawsuit; nChain Limited is Dr. Wright's employer and allegedly possesses intellectual property which Plaintiffs claim to target; and Mr. Nguyen is nChain's former CEO and Dr. Wright's legal liaison in the Florida lawsuit. It would be difficult to imagine a situation in which the legal interests of the parties are more interwoven and consistent. In any event, "parties to an asserted JDA need not have identical interests and may even have some adverse motives." *United States v. Gonzalez*, 669 F.3d 974, 980 (9th Cir. 2012). "The protection of the privilege under the community of interest rationale … is applicable whenever parties with common interests join forces for the purpose of obtaining more effective legal assistance." *Youngevity Int'l, Inc.,* 2017 WL 4227025, at *4.

Plaintiffs attempt to distinguish the Common Interest Agreements here because Mr. Nguyen will not be "personally affected by the outcome" of the Florida litigation. [Dkt. No. 15, at 6]. That, of course, misses the point. *Dr. Wright's* interests are at stake in the litigation, and Mr. Nguyen, as Dr. Wright's liaison in the litigation, shares a common interest in protecting those interests. The Common Interest Agreements clearly protect attorney-client and work product communications between Dr. Wright, his employer nChain, and his litigation liaison Mr. Nguyen.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Second Motion to Compel should be denied.

---

[10] Plaintiffs' reliance on *Regions Bank v. Chicago Title Ins. Co.*, 2011 WL 13225147 (S.D. Fla. Nov. 7, 2011), is misplaced. The case involved a general "confidentiality agreement" completely unrelated to pending or threatened litigation, not a litigation-related *joint defense agreement*, as here.

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

2 DATED this 6th day of May, 2020.

3

4                                        /s/ Scott B. Henrie
                                         Scott B. Henrie, WSBA #12673
5                                        WILLIAMS, KASTNER & GIBBS PLLC
                                         601 Union Street, Suite 4100
6                                        Seattle, WA 98101-2380
                                         Telephone: (206) 628-6600
7                                        E-mail: shenrie@williamskastner.com

                                                    and
8

9                                        /s/ Spencer H. Silverglate
                                         Spencer H. Silverglate, FL Bar No. 769223
10                                       Pro Hac Vice Application Pending
                                         Trevor Gillum, FL Bar No. 1003867
11                                       Pro Hac Vice Application Pending
                                         CLARKE SILVERGLATE, P.A.
12                                       799 Brickell Plaza, Suite 900
                                         Miami, FL 33131-2805
13                                       Telephone: (305) 377-0700
                                         Email: ssilverglate@cspalaw.com; and
14                                              tgillum@cspalaw.com

15                                       Attorneys for James "Jimmy" D. Nguyen,
                                         Subpoenaed Individual
16

17

18

19

20

21

22

23

24

25

NON-PARTY JIMMY NGUYEN'S RESPONSE
TO PLAINTIFFS' SECOND MOTION TO COMPEL
 (USDC Case No. 20-cv-00593-BJR)
Page 11 of 12

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

1

### CERTIFICATE OF FILING AND SERVICE

2

     I hereby certify that on May 6, 2020, I electronically filed the foregoing with the Clerk

3

of the Court using the CM/ECF system which will send notification of such filing to those

4

registered with CM/ECF.

5

     Further, I hereby certify that on May 6, 2020, I provided the foregoing to following non-

6

CM/ECF participants via Electronic Mail/Email:

7

*Counsel for Plaintiffs:*

8

Emanuel Jacobowitz, WSBA #39991
CLOUTIER ARNOLD JACOBOWITZ, PLLC

9

2701 1st Ave., Ste. #200
Seattle, WA 98121

10

Telephone: 206-769-3759
Email: manny@CAJlawyers.com

11

12

Kyle W. Roche and Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP

13

99 Park Avenue, Suite 1910
New York, NY 10016

14

Email: kyle@rcfllp.com; and
jdelich@rcfllp.com

15

Velvel (Devin) Freedman, FL Bar No. 99762
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd, Suite 5500
Miami, FL 33131
Telephone: (305) 357-3861
Email: vel@rcfllp.com; and
          nbermond@rcfllp.com

Andrew S. Brenner
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
Email: abrenner@bsfllp.com

16

*Counsel for Defendant:*

17

Amanda McGovern
Email: amcgovern@riveromestre.com

18

     DATED this 6th day of May, 2020.

19

20

               */s/ Scott B. Henrie*
               Scott B. Henrie, WSBA #12673

21

               WILLIAMS, KASTNER & GIBBS PLLC
               601 Union Street, Suite 4100

22

               Seattle, WA 98101-2380
               Telephone: (206) 628-6600  Fax: (206) 628-6611

23

               Email: shenrie@williamskastner.com

24

               ***Attorneys for James "Jimmy" D. Nguyen,***
               ***Subpoenaed Individual***

25

Exhibit A

HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

*IN RE SUBPOENA TO JIMMY NGUYEN*

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman; and W&K Info Defense Research, LLC,

Plaintiffs,

v.

CRAIG WRIGHT,

Defendant.

CASE NO. 20-cv-00593-BJR

**NON-PARTY JIMMY NGUYEN'S RESPONSE TO PLAINTIFFS' DOCUMENT SUBPOENA**

**NON-PARTY JIMMY NGUYEN'S RESPONSE TO PLAINTIFFS' DOCUMENT SUBPOENA**
(USDC Case No. 20-cv-00593-BJR)

7083024.2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

Ex. A - Page 1
Response to Mtn to Compel

Non-party Jimmy Nguyen ("Mr. Nguyen"), pursuant to Federal Rule of Civil Procedure 45 and District Court Judge Barbara J. Rothstein's Order Granting Plaintiffs' Motion to Compel Compliance with Subpoena entered on April 24, 2020 [Dkt. No. 14], hereby serves his Response to Plaintiffs' document subpoena.

## GENERAL OBJECTIONS

1.     Mr. Nguyen objects to each and every Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, joint defense or joint interest privilege, or by any other applicable privilege, doctrine, law, or rule protecting the disclosure of documents or information. A Privilege Log is being produced contemporaneously herewith. Mr. Nguyen reserves the right to "claw back" any produced documents or information that contain privileged or protected material.

2.     Mr. Nguyen objects to each and every Request on the grounds that it is overly broad in temporal scope, unduly burdensome, and vague.

3.     Mr. Nguyen objects to each and every Request to the extent that it purports to impose obligations upon Mr. Nguyen beyond those imposed by the Federal Rules of Civil Procedure.

4.     The foregoing General Objections are explicitly made a part of and incorporated by reference in each Response set forth below whether or not expressly referred to in that Response.  All responses set forth below are made subject to and without waiving the foregoing objections and/or limitations and any additional objections and/or limitations set forth in response to any individual request.  In addition, Mr. Nguyen reserves the right to seek reimbursement for his attorneys' fees and costs pursuant to Fed. R. Civ. P. 45 in connection with his document production and deposition.

## RESPONSES

**REQUEST 1.** All communications with Craig Wright concerning any of: David Kleiman, W&K Info Defense Research, LLC, Ira Kleiman, Satoshi Nakamoto, any Tulip Trust, Denis Mayaka, a bonded courier, Abacus Offshore, Equator Consultants, the Australian Tax Office, Stefan Matthews, Robert MacGregor, Calvin Ayre, Uyen Nguyen, or Craig Wright Companies.

Response: Documents containing the following production numbers are produced in Response to this Request.  All such documents are hereby designated "Confidential" pursuant to the Stipulated Confidentiality Order entered in the underlying action on February 22, 2019 [DE 105].  No responsive documents are being withheld based on the above stated General Objections other than those described in the Privilege Log served contemporaneously herewith.

NON-PARTY JIMMY NGUYEN'S
RESPONSE TO PLAINTIFFS'
DOCUMENT SUBPOENA
(USDC Case No. 20-cv-00593-BJR)

7083024.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

[000059], [000129–000147], [000151], [000153], [000305], [000306–000421], [000661–000662], [000673–000697], [000699–000701], [000705–000706], [000710-000711].

**REQUEST 2.** All communications with Calvin Ayre concerning any of: Craig Wright, David Kleiman, W&K Info Defense Research, LLC, Ira Kleiman, Satoshi Nakamoto, any Tulip Trust, Denis Mayaka, a bonded courier, Abacus Offshore, Equator Consultants, the Australian Tax Office, Stefan Matthews, Robert MacGregor, Uyen Nguyen, or Craig Wright Companies.

Response: Documents containing the following production numbers are produced in Response to this Request.  All such documents are hereby designated "Confidential" pursuant to the Stipulated Confidentiality Order entered in the underlying action on February 22, 2019 [DE 105]. No responsive documents are being withheld based on the above stated General Objections other than those described in the Privilege Log served contemporaneously herewith.

[000001, [00097], [000230–00233], [000306–000421], [000463–000464], [000666–000668], [000698], [000713].

**REQUEST 3.** All communications with Stefan Matthews concerning any of: Craig Wright, David Kleiman, W&K Info Defense Research, LLC, Ira Kleiman, Satoshi Nakamoto, any Tulip Trust, Denis Mayaka, a bonded courier, Abacus Offshore, Equator Consultants, the Australian Tax Office, Calvin Ayre, Robert MacGregor, Uyen Nguyen, or Craig Wright Companies.

Response: Documents containing the following production numbers are produced in Response to this Request.  All such documents are hereby designated "Confidential" pursuant to the Stipulated Confidentiality Order entered in the underlying action on February 22, 2019 [DE 105]. No responsive documents are being withheld based on the above stated General Objections other than those described in the Privilege Log served contemporaneously herewith.

[000001–000008], [000009–000128], [000148–000152], [000154–000221], [000230–000464], [000503-000627], [000628–000647], [000655–000697], [000698–000707], [000709–000893], [000964–001311], [001315–001692].

**REQUEST 4.** All communications with Robert MacGregor concerning any of: Craig Wright, David Kleiman, W&K Info Defense Research, LLC, Ira Kleiman, Satoshi Nakamoto, any Tulip Trust, Denis Mayaka, a bonded courier, Abacus Offshore, Equator Consultants, the Australian Tax Office, Calvin Ayre, Stefan Matthews, Uyen Nguyen, or Craig Wright Companies.

Response: Documents containing the following production numbers are produced in Response to this Request.  All such documents are hereby designated "Confidential" pursuant to the Stipulated Confidentiality Order entered in the underlying action on February 22, 2019 [DE 105]. No responsive documents are being withheld based on the above stated General Objections other than those described in the Privilege Log served contemporaneously herewith.

[000001], [000025–000044], [00097], [000222–000233], [000423–000431], [00433–000446], [000464–000502], [000628–000637], [000648–000654], [000663–000665], [000667–000670], [000698], [000707–000708], [000713–00963], [00968–001095], [001141–001157].

**NON-PARTY JIMMY NGUYEN'S RESPONSE TO PLAINTIFFS' DOCUMENT SUBPOENA**
(USDC Case No. 20-cv-00593-BJR)

7083024.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

**REQUEST 5.** All communications with Andrew O'Hagan concerning any of: Craig Wright, David Kleiman, W&K Info Defense Research, LLC, Ira Kleiman, Satoshi Nakamoto, any Tulip Trust, Denis Mayaka, a bonded courier, Abacus Offshore, Equator Consultants, the Australian Tax Office, Calvin Ayre, Stefan Matthews, Robert MacGregor, Uyen Nguyen, or Craig Wright Companies.

Response: NONE

DATED this 29 day of April, 2020.

/s/
Scott B. Henrie, WSBA #12673
WILLIAMS, KASTNER & GIBBS PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380
Telephone:  (206) 628-6600
E-mail:  shenrie@williamskastner.com

and

/s/
Spencer H. Silverglate, FL Bar No. 769223
*Pro Hac Vice Application Pending*
Trevor Gillum, FL Bar No. 1003867
*Pro Hac Vice Application Pending*
CLARKE SILVERGLATE, P.A.
799 Brickell Plaza, Suite 900
Miami, FL  33131-2805
Telephone:  (305) 377-0700
Email:  ssilverglate@cspalaw.com; and
      TGillum@cspalaw.com

***Attorneys for James "Jimmy" Nguyen, Subpoenaed Individual***

NON-PARTY JIMMY NGUYEN'S
RESPONSE TO PLAINTIFFS'
DOCUMENT SUBPOENA
(USDC Case No. 20-cv-00593-BJR)

7083024.2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington  98101-2380
(206) 628-6600

Ex. A - Page 4
Response to Mtn to Compel

1

## <u>CERTIFICATE OF FILING AND SERVICE</u>

2

3        I hereby certify that on April 29, 2020, I electronically filed the foregoing with the

4 Clerk of the Court using the CM/ECF system which will send notification of such filing to

5 those registered with CM/ECF.

6        Further, I hereby certify that on April 29, 2020, I provided the foregoing to following

7 non-CM/ECF participants via Electronic Mail/Email:

### *Counsel for Plaintiffs:*

8

9 Emanuel Jacobowitz, WSBA #39991        Velvel (Devin) Freedman, FL Bar No. 99762
CLOUTIER ARNOLD JACOBOWITZ, PLLC        ROCHE CYRULNIK FREEDMAN LLP

10 2701 1st Ave., Ste. #200               200 S. Biscayne Blvd, Suite 5500
Seattle, WA  98121                      Miami, FL  33131

11 Telephone:  206-769-3759              Telephone: (305) 357-3861
Email:  manny@CAJlawyers.com           Email:  vel@rcfllp.com; and

12                                                      nbermond@rcfllp.com

13 Kyle W. Roche and Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP            Andrew S. Brenner

14 99 Park Avenue, Suite 1910            BOIES SCHILLER FLEXNER LLP
New York, NY  10016                     100 SE 2nd Street, Suite 2800

15 Email: kyle@rcfllp.com; and           Miami, FL  33131
jdelich@rcfllp.com                      Email:  abrenner@bsfllp.com

16

### *Counsel for Defendant:*

17 Amanda McGovern
Email:  amcgovern@riveromestre.com

18

19        DATED this 29 day of April, 2020.

20                                        /s/
                                         Scott B. Henrie, WSBA #12673

21                                       WILLIAMS, KASTNER & GIBBS PLLC
                                         601 Union Street, Suite 4100

22                                       Seattle, WA  98101-2380
                                         Telephone:  (206) 628-6600  Fax:  (206) 628-6611

23                                       Email:  shenrie@williamskastner.com

24                                       ***Attorneys for James "Jimmy" Nguyen,***
                                         ***Subpoenaed Individual***

25

**NON-PARTY JIMMY NGUYEN'S**
**RESPONSE TO PLAINTIFFS'**                     **Williams, Kastner & Gibbs PLLC**
**DOCUMENT SUBPOENA**                           601 Union Street, Suite 4100
(USDC Case No. 20-cv-00593-BJR)                 Seattle, Washington  98101-2380
                                                (206) 628-6600

7083024.2

# EXHIBIT B

## (FILED UNDER SEAL)