UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE SUBPOENA TO
JIMMY NGUYEN

Case No. 2:20-cv-00593-BJR

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,

　　　　　　　　　　　　Plaintiffs,

　v.

CRAIG WRIGHT,

　　　　　　　　　　　　Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR SECOND MOTION TO COMPEL**

MOTION TO COMPEL
(Case No. 2:20-cv-00593-BJR)

ROCHE CYRULNIK FREEDMAN LLP
200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
(305) 753-3675

## I) INTRODUCTION & FACTUAL BACKGROUND

Plaintiffs do not seek Nguyen's communications that (1) involved nChain or Wright's attorneys, (2) were related to Plaintiffs' IP claims, and (3) occurred while Nguyen was CEO of nChain. Plaintiffs agree these are properly shielded by the common interest privilege.

That said, Plaintiffs seek all communications that fall outside those parameters, *i.e.*, all communications with (1) Wright, (2) Calvin Ayre, (3) Mr. Ayre's representatives, or involving (4) Wright's or nChain's counsel *and* (a) concerning Plaintiffs' bitcoin-related claims (where nChain has no interest) or (b) occurring after Nguyen stepped down as nChain's CEO. None of these communications are protected by any cognizable privilege (Nguyen's "liaison" privilege doesn't exist under the law). And Nguyen should be compelled to testify.

Nguyen asserts he has "gone above and beyond his discovery obligations," and that Plaintiffs' motion constitutes a "gambit" where Plaintiffs seek "to litigate Dr. Wright and nChain's attorney-client privileges . . . in a satellite proceeding in which both are absent." Opp. 2. This argument is less than forthcoming as Rule 37(a)(2) <u>requires</u> Plaintiffs to proceed in Washington, and as Nguyen knows, Wright <u>expressly declined</u> to participate in these proceedings. *See* Second Declaration of Velvel (Devin) Freedman ("2d Decl.") Ex. 1. Further, the notion that Nguyen has "gone above and beyond" is not supported by the record.[1] Notwithstanding his status as an attorney and his newly-revealed role as "a critical member of [Dr. Wright's] litigation team," Nguyen evaded service of Plaintiffs' subpoenas and refused to

---

[1] Nguyen claims (twice) that he was forced to sit for a "*seven-hour* deposition." Opp. 2, 3 (emphasis in original). The deposition was 5 hours and 32 minutes on the record. 2d Decl. ¶ 3. He also claims that he "answered each and every question posed to him, save only those few that were protected by black-letter privileges." (Opp. 2.) This statement is misleading, given the blanket objection made by his attorney. *See* DE 21, at 72:15-23.

comply until ordered to do so. Worse, <u>at the same time Nguyen was evading service</u>, he purported to strike a Common Interest Agreement with Dr. Wright <u>regarding the exact subject matter of Plaintiffs' document subpoena</u>.

Nguyen's transparent attempt to prevent Plaintiffs from discovering his communications is just the latest effort from Wright to avoid producing relevant material by abusing the discovery process and attorney-client privilege. Plaintiffs have successfully challenged Wright's prior attempts to obstruct discovery. *See, e.g.*, 2d Decl. Ex. 2 (discovery sanctions).[2] In fact, Wright's prior efforts to hide behind wrongfully asserted privilege resulted in Wright being compelled to produce over 11,000 documents he previously claimed were privileged. *Id.* Ex. 3 (granting motion to compel).

Regardless, Nguyen's privilege assertions (beyond the single category above) should be rejected on their merits. As explained below, Nguyen's "liaison" theory has no basis in law and the common-interest doctrine is inapplicable to the communications Plaintiffs seek.

**II) <u>ARGUMENT</u>**

    **a. Nguyen's Liaison Theory Is Unsupportable**

Nguyen asserts that he is Dr. Wright's "litigation liaison" and, as a result, his communications with Dr. Wright (and therefore Dr. Wright's attorneys and litigation funder) are privileged. *See* Opp. 7-8. This novel theory should be rejected.

*First*, Nguyen invokes federal law's *Kovel* doctrine to support his position. Opp. 7. That doctrine "extends only to communications with third parties that are necessary to effectuate the

---

[2] This sanction was upheld on appeal to the District Court, though the specific remedy was reduced to payment of over $165,000 in attorney's fees.

PLAINTIFFS' SECOND MOTION TO COMPEL     2     ROCHE CYRULNIK FREEDMAN LLP
(Case No. 2:20-cv-00593-BJR)     200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

client's consultation." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1072 (N.D. Cal. 2002); *see also United States v. Wachovia Bank, N.D.*, No. 8:09-cv-1443, 2011 WL 13302099, at *2 (M.D. Fla. June 7, 2011). Nguyen appears to concede his involvement is not "reasonably necessary" to facilitate Dr. Wright's attorney-client communications. *See* Opp. 8 n.9 (disclaiming reliance on Fla. Stat. § 90.502(1)(c)(2), which protects third-party disclosures "reasonably necessary" to facilitate attorney-client communications). This concession is appropriate—Wright is "a headline speaker" who has attended proceedings in the Florida Action without Nguyen and claims to maintain other attorney-client relationships without assistance. *See* DE 15, at 6. The notion that he *needs* Nguyen to communicate with counsel is also absurd, as Wright has asserted under oath that he has an LLM, has "completed his solicitor training," and has taught law at the university level. 2d Decl. Ex. 4, ¶¶ 20.4, 22. In fact, in a lawsuit he initiated in the United Kingdom over slander, one of the damages he listed was harm to his "ambition of becoming a magistrate in Surrey." *Id.* Ex. 5, ¶ 25.10.

*Second*, Nguyen claims (without citation) that the principles of *Upjohn* "appl[y] with equal force where the client is an individual like Dr. Wright." Opp. 8. Courts disagree. *See Upjohn Co. v. United States*, 449 U.S. 383, 391 (1981) (distinguishing corporate clients from individual clients); *Leone v. Fisher*, No. 3:05-cv-521, 2006 WL 2982145, at *4 (D. Conn. Oct. 18, 2006) (*Upjohn* inapplicable to individuals); *In re Grand Jury Subpoenas*, 995 F. Supp. 332, 340 (E.D.N.Y. 1998) (same). Instead, unlike in the corporate context, a "'client representative' extension of the attorney-client privilege" is only "recognized" for individual clients who are "disabled or [] in some unique position requiring another to intervene between [them] and counsel." *In re N. Plaza, LLC*, 395 B.R. 113, 124 (S.D. Cal. 2008). As explained above, the idea that Wright falls into that category, is absurd.

*Third*, Nguyen argues that his communications are privileged because they are "in 'furtherance of the rendition of legal services.'" Opp. 8 n.9 (citing Fla. Stat. § 90.502(1)(c)(1)). But despite having the burden, Nguyen makes no effort to explain why this exception is applicable. In any event, the exception does not apply in situations where (as here) the third party's role is, at most, "helpful in assisting [the attorney's] representation of [the client]." *Wellin v. Wellin*, No. 2:13-cv-1831, 2018 WL 5983393, at *12 (D.S.C. Oct. 25, 2018) (applying Florida law, and construing Fla. Stat. § 90.502(1)(c)(1)). To the extent Nguyen claims his communications with Dr. Wright are privileged because he helped Dr. Wright find counsel (and is therefore analogous to a litigation funder), Nguyen's argument should be rejected. There is no basis to conclude Nguyen's services were <u>ever</u> necessary (as Nguyen concedes), let alone necessary <u>after</u> Dr. Wright secured counsel. *See In re Int'l Oil Trading Co., LLC*, 548 B.R. 825, 835 (Bankr. S.D. Fla. 2016) (funders may be "essential" and "must assess" litigation on an "ongoing basis"); *cf. Gerheiser v. Stephens*, 712 So. 2d 1252, 1254 (Fla. Dist. Ct. App. 1998) (privilege not waived where mother helped incarcerated son find counsel).[3]

### b. The Common Interest Doctrine Does Not Apply

Nguyen asserts that his communications with Wright are protected by the common-interest doctrine because he, Wright, and nChain "share obvious common legal interests." Opp. 10. His argument should be rejected. *First*, as Plaintiffs previously explained, the common-interest doctrine does not apply to communications that do not involve an attorney. *See* Br. 7-8. Nguyen failed to address this point and therefore waived any response to it. *See Madera W.*

---

[3] Nguyen further claims that communications with Ayre are privileged because Ayre is Wright's litigation funder. Opp. 8-9. This should be rejected as it is necessarily premised on Nguyen's incorrect argument that he is, for purposes of the attorney-client privilege, Wright.

PLAINTIFFS' SECOND MOTION TO COMPEL 4 ROCHE CYRULNIK FREEDMAN LLP
(Case No. 2:20-cv-00593-BJR) 200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

*Condo. Ass'n v. First Specialty Ins. Corp.*, No. 12-cv-857, 2013 WL 4015649, at *4 (W.D. Wash. Aug. 6, 2013) ("Failure to respond to an argument . . . waives the right to do so.").

*Second*, any common interest between Nguyen (as nChain representative) and Wright ended in late 2018 when Nguyen resigned as nChain's CEO.[4] Nguyen claims he continued to be the "client" for nChain after that date (Opp. 7-8), but fails to demonstrate that *any* of his communications with Wright were made for nChain's getting legal advice and not as "liaison" for Wright. *See Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, 442 (N.D. Cal. 2010) (employee only within privilege if "information is being furnished to enable [the corporation's] attorney to provide legal advice to the corporation"). Indeed, these communications continued after Nguyen "no longer has any role with nChain." Nguyen Decl. ¶¶ 19-20.

*Third*, Nguyen (in his individual capacity) and Dr. Wright do not share a common legal interest. He testified as much at his deposition *See* DE 21, at 110:21-111:10. Nguyen asserts he and Wright share a common interest in "protecting" Wright's "interests" because Nguyen is Wright's "liaison in the litigation." Opp. 9. This fails as the liaison argument fails, and does not show (or even suggest) that Nguyen <u>himself</u> has any <u>legal</u> interest in the Florida Action. *See Del Monte Int'l GMBH v. Ticofrut, S.A.*, No. 16-cv-23894, 2017 WL 1709784, at *7 (S.D. Fla. May 2, 2017) ("shared interest in the outcome of litigation" is insufficient).[5] The communications Plaintiff seek are not protected and Nguyen should be compelled to turn them over.

---

[4] Any common interests between nChain and Wright are further limited to Plaintiffs' IP claims, and do not include Plaintiffs' bitcoin-related claims. *See MapleWood Partners, LP v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 613-14 (S.D. Fla. 2013) (finding that common-interest doctrine did not extend to all of parties' communications). nChain has no interest in the bitcoin Plaintiffs allege Wright stole from their decedent and W&K.

[5] The existence of Common Interest Agreements does not establish that a common interest actually exists between Dr. Wright, Nguyen, and nChain. *See Alabama Aircraft Indus., Inc. v. Boeing Co.*, No. 2:11-cv-03577, 2017 WL 4585582, at *2 (N.D. Ala. Apr. 25, 2017) (noting that "existence of a joint defense agreement" is not sufficient).

PLAINTIFFS' SECOND MOTION TO COMPEL     5     ROCHE CYRULNIK FREEDMAN LLP
(Case No. 2:20-cv-00593-BJR)     200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

### III) NGUYEN'S MOTION TO SEAL SHOULD BE DENIED

Nguyen filed a Motion to Seal along with his opposition. (DE 18.) In that motion, Nguyen "respectfully requests that the Court seal [his] April 30, 2020 deposition transcript." (*Id.* at 1.) Nguyen asserts that sealing the entire transcript is necessary because it includes his "personal financial information, his personal identifying information, his personal Bitcoin holdings, nChain's confidential proprietary information and intellectual property, nChain's confidential business records, and Dr. Wright's confidential information." (*Id.* at 5.) Although Plaintiffs agree that information of the kind described by Nguyen may properly be sealed, as explained below, Plaintiffs disagree that sealing the entire transcript is proper.

Plaintiffs agree with Nguyen that the good-cause standard, as opposed to the compelling-interest standard, applies to the question of whether Nguyen's deposition transcript may properly be sealed. (*See id.* at 3-4); *see also Varsity Gold, Inc. v. Elite Fundraising LLC*, No. 05-cv-1048, 2007 WL 9775477, at *1 (W.D. Wash. May 2, 2007) ("To obtain a court order sealing documents attached to a non-dispositive motion, Ninth Circuit law provides that the parties must make a particularized showing under the 'good cause' standard of Fed. R. Civ. P. 26(c)."); *Jackson v. Berkey*, No. 3:19-cv-6101, 2019 WL 6474752, at *4 (W.D. Wash. Dec. 2, 2019) ("[A] party seeking to seal records attached to nondispositive motions must show 'good cause.'"). Plaintiffs further agree that confidential business information, personal identifying information, and personal financial information may properly be sealed. (*See* DE 18, at 4-5 (citing cases).)

Nevertheless, Plaintiffs do not believe that sealing the *entire* transcript is necessary. *See, e.g.*, *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-cv-03428, 2012 WL 70428, at *2 n.1 (N.D. Cal. Jan. 9, 2012) ("The Court disagrees, and finds that it would be inappropriate to file the entire transcript under seal because much of the transcript does not contain personal,

PLAINTIFFS' SECOND MOTION TO COMPEL     6     ROCHE CYRULNIK FREEDMAN LLP
(Case No. 2:20-cv-00593-BJR)     200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

confidential, or trade secret information."). Indeed, large swathes of the transcript do not relate to Nguyen's "personal financial information, his personal identifying information, his personal Bitcoin holdings, nChain's confidential proprietary information and intellectual property, nChain's confidential business records, and Dr. Wright's confidential information."

Moreover, although Plaintiffs believe that such a showing is possible, Plaintiffs do not believe that Nguyen has made the necessary showing to seal *any* information in the transcript. "The 'good cause' standard requires a 'particularized showing' that 'specific prejudice or harm will result' if the information is disclosed." *Jackson*, 2019 WL 6474752, at *3. "'Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning' will not suffice." *Id.* Nguyen has not undertaken any effort to identify with any specificity what type of harm he would experience if the full transcript were disclosed. Instead, he states (in conclusory fashion) that disclosure of "identifying information" would be "inappropriate," and that disclosure of other information in the transcript "violates the privacy rights of the stakeholders and would cause them competitive [harm]." (DE 18, at 5.) He does not explain what those privacy rights are, to whom they belong, or what competitive harm any entity would suffer.

In fact, when Nguyen emailed Plaintiffs asking their position on sealing the motion, Plaintiffs advised Nguyen they believed redacting confidential portions would be the proper way to proceed, and even offered to review proposed redactions. (*See id.* Ex. A.) Nguyen ignored that offer.

Accordingly, Nguyen has not shown that good cause exists to seal the entire deposition transcript.

IV) **CONCLUSION**

PLAINTIFFS' SECOND MOTION TO COMPEL     7     ROCHE CYRULNIK FREEDMAN LLP
(Case No. 2:20-cv-00593-BJR)     200 S BISCAYNE BLVD., SUITE 5500
MIAMI, FL 33131
TEL.: (305) 753-3675

Nguyen's latest effort to deprive Plaintiffs of discoverable information should be rejected. Accordingly, Plaintiffs respectfully request that their Second Motion to Compel be granted. Further, Nguyen's Motion to Seal should be denied.

Respectfully submitted,

Dated: May 8, 2020

**CLOUTIER ARNOLD JACOBOWITZ, PLLC**

/s/ Emanuel Jacobowitz
Emanuel Jacobowitz, WSBA #39991
2701 1st Ave., Ste. #200
Seattle, WA 98121
206-769-3759
Fax: 206-866-3234
manny@CAJlawyers.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
*Pro Hac Vice Pending*
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

Stephen Lagos, Esq.
*Pro Hac Vice Pending*
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
slagos@rcfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Emanuel Jacobowitz*
Emanuel Jacobowitz, WSBA #39991