UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRA KLEIMAN, as the personal Representative of the Estate of David, and W&K Info Defense Research, LLC,<br><br>            *Plaintiffs*,<br><br>    v.<br><br>CRAIG WRIGHT,<br><br>            *Defendant*. | CASE NO. 2:20-cv-00593-BJR<br><br>ORDER GRANTING PLAINTIFFS' SECOND MOTION TO COMPEL AND STRIKING NON-PARTY JIMMY NGUYEN'S MOTION TO SEAL AS MOOT |

## I. INTRODUCTION

Before the Court is Plaintiffs' second motion to compel James "Jimmy" Nguyen to comply with an out-of-district, third-party subpoena to appear for a deposition. Dkt. No. 15.[1] This Court previously granted Plaintiffs' first motion to compel Mr. Nguyen to comply with the subpoena issued by the Southern District of Florida in connection with Plaintiffs' suit against Defendant

---

[1] On Friday, May 1, 2020, Chambers received a phone call from the parties pursuant to the Court's standing order. During the call, Plaintiffs requested a discovery hearing to discuss this motion. In response, the Court ordered the parties to conduct full, but expedited, briefing on the motion. Dkt. No. 17. Having reviewed the briefing, the Court will decide the motion on the papers and deny Plaintiffs' request for a discovery hearing.

1

Craig Wright. Dkt. No. 14. At his deposition, Mr. Nguyen refused to answer several questions asserting attorney-client privilege and the common interest doctrine. Plaintiffs are moving to have the Court order him to respond to those questions. Along with his response to Plaintiffs' motion, Mr. Nguyen moved to seal the transcript of his deposition filed with his response brief. Dkt. No. 18. Having reviewed both motions, the oppositions thereto, the record of the case, and the relevant legal authorities, the Court will grant Plaintiffs' motion to compel and strike Mr. Nguyen's motion to seal as moot. The reasoning for the Court's decision follows.

## II.   BACKGROUND

Mr. Nguyen is a Washington resident and former attorney. Plaintiffs contend that he has let his California bar license go "inactive." Dkt. No. 15 at 4. He previously served as CEO of nChain Holdings Ltd. ("nChain"), a UK-based blockchain technology company, where Dr. Wright serves as Chief Scientist. Dkt. No. 19 at 3. Mr. Nguyen reports that he stepped down as nChain's CEO in December 2018. *Id.* at 5. Around that time, Mr. Nguyen took a position as chair of nChain's Strategic Advisory Board, which he held until March 2020. *Id.*

In February 2018, Plaintiffs filed suit against Dr. Wright in the U.S. District Court for the Southern District of Florida claiming that he misappropriated billions of dollars in Bitcoin and intellectual property from then-business partner David Kleiman. *See Kleiman v. Wright*, No. 19-cv-80176 (S.D. Fla. Filed Feb. 14, 2018). Plaintiffs issued two subpoenas in early February 2020 seeking documents and a deposition from Mr. Nguyen. *See* Dkt. No. 1-5 (subpoena for production); Dkt. No. 1-6 (subpoena for deposition). After Plaintiffs had difficulty serving Mr. Nguyen over the course of several months, Plaintiffs filed a motion to compel compliance with the subpoenas in this District. Dkt. No. 1.

2

On April 24, 2020, this Court ordered Mr. Nguyen to comply with the subpoenas. Dkt. No. 14. Mr. Nguyen was deposed on April 30, 2020.[2] Plaintiffs report that during that deposition Mr. Nguyen refused to answer certain questions on the grounds of attorney-client privilege and the common interest doctrine. Dkt. No. 15 at 3–4. Through the current motion, Plaintiffs seek answers to these questions. As Plaintiffs make clear, their questions are not directed toward communications that occurred while Mr. Nguyen served as CEO of nChain. Dkt. No. 24 at 2.

Mr. Nguyen objects to any further deposition, claiming that the questions he declined to answer were limited only to topics protected by attorney-client privilege and the common interest doctrine. Dkt. No. 19 at 2. Mr. Nguyen claims attorney-client privilege on the grounds that he serves as Mr. Wright's "litigation liaison." *Id.* at 4. According to Mr. Nguyen, although Mr. Wright is a "brilliant scientist," he has "difficulty communicating his ideas in a way that other people can understand." *Id.* at 3. Mr. Nguyen states that Dr. Wright asked Mr. Nguyen to "serve as his liaison to facilitate communication with his counsel," including helping Mr. Wright explain Bitcoin and blockchain issues to his counsel. *Id.* at 4. Mr. Nguyen claims he is especially suited to serve in this role as he understands how to communicate with Dr. Wright, understands Bitcoin, and is a former practicing attorney. *Id.*

### III.   MOTION TO SEAL

Along with his response to Plaintiffs' motion, Mr. Nguyen moved to seal one of his supporting exhibits, the transcript from his deposition, to avoid "unnecessary public disclosure" of

---

[2] Also pursuant to the Court's order compelling compliance, Mr. Nguyen turned over 1,692 pages of documents in response to the subpoena for production. Dkt. No. 19 at 2. Plaintiffs' second motion to compel does not seek further action on the subpoena for production. Dkt. No. 15.

3

trade secrets, intellectual property, confidential financial information, and personal identifying information. Dkt. No. 18.

Mr. Nguyen's motion to seal is submitted pursuant to Western District of Washington Local Rule 5. Dkt. No. 18 at 1. Under this rule, "[t]here is a strong presumption of public access to the court's files" but a party may move to file a document under seal if the movant presents "legitimate private or public interests that warrant" sealing. Local Rules W.D. Wash. LCR 5(g). The moving party must state "why a less restrictive alternative to [sealing] is not sufficient." *Id.* at 5(g)(3)(B)(iii).

The parties now agree that the information pertaining to Mr. Nguyen and Dr. Wright's personal financial and identifying information and nChain's confidential proprietary information, intellectual property, and confidential business records should be kept confidential. Dkt. No. 24 at 7; Dkt. No. 28 at 1–2. Therefore, the Court will strike as moot Mr. Nguyen's motion to seal and instruct the parties to confer within three (3) business days of this order to agree on what material should be redacted. If the parties are unable to reach an agreement within this timeframe, the parties should contact the Court forthwith to resolve the dispute.

### IV.   MOTION TO COMPEL

Mr. Nguyen confirms he is not serving as Dr. Wright's attorney, nor in any capacity as an attorney. Dkt. No. 19 at 4. Instead, Mr. Nguyen claims that as Dr. Wright's "litigation liaison" and former CEO of nChain he is entitled to assert attorney-client privilege[3] and the common

---

[3] While in numerous places in his response to the motion to compel Mr. Nguyen claims his communications are protected by the work product doctrine, *see, e.g.*, Dkt. No. 19 at 2, 6–9, this doctrine only protects "documents or tangible things." FED. R. CIV. P. 26(b)(3)(A); *see also Brees v. HMS Glob. Mar. Inc.*, No. 18-cv-05691, 2019 WL

interest doctrine. Where the underlying litigation involves both federal question claims and pendent state law claims, "federal common law governs claims of privilege." *Brees*, 2019 WL 5887296, at *2 (citing *Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005)).

### A. Attorney-Client Privilege

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *Brees*, 2019 WL 5887296, at *2 (quoting *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011)). The party asserting the privilege bears the burden of proving its applicability and, because it "impedes full and free discovery of the truth," the privilege is strictly construed. *Branch v. Umphenour*, 936 F.3d 994, 1006 (9th Cir. 2019) (internal quotations and citations omitted). As the Ninth Circuit has explained, a "voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject." *In re Icenhower*, 755 F.3d 1130, 1141 (9th Cir. 2014) (quoting *Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981)). Unless Mr. Nguyen is entitled to assert attorney-client privilege, he cannot decline to answer any questions about communications made to him or in his presence.

Mr. Nguyen claims his communications between himself, Dr. Wright, and Dr. Wright's counsel are privileged because he is serving as Dr. Wright's litigation liaison and thus a "privileged agent." Dkt. No. 19 at 7–9.

---

5887296, at *3 (W.D. Wash. Nov. 12, 2019). In the current motion, Plaintiffs do not seek to compel further document production, but, rather, Mr. Nguyen's continued deposition testimony. As such, the work product doctrine does not reach such testimony.

5

The Court rejects Mr. Nguyen's proffered arguments about the privileged position of a litigation liaison. Mr. Nguyen cites to no case that recognizes that position. Indeed, the cases on which Mr. Nguyen does rely support the conclusion that courts extend the attorney-client privilege only in extremely rare circumstances. In those circumstances, the third-party is an agent of defendant's counsel hired for the specific purpose of aiding in litigation. Nowhere does Mr. Nguyen claim he is an agent of Dr. Wright's counsel or that counsel hired him to assist in the litigation.

Mr. Nguyen relies on *Anderson v. SeaWorld Parks & Entm't, Inc.*, 329 F.R.D. 628 (N.D. Cal. 2019), for the proposition that the attorney-client privilege may extend to such far-afield third-party entities as advertising and public relations firm. Dkt. No. 19 at 6. However, for the third-parties in question to be covered by the privilege, *Anderson* held that they must be paid consultants of counsel, bound by an agency relationship, and retained for a purpose closely tied to the litigation, such as facilitating communications between client and attorney like a translator or accountant. *See id.* at 632–33. Thus, the court in *Anderson* denied extending the attorney-client privilege in that case. *Id.* at 634.[4]

Mr. Nguyen's reliance on *United States v. Kovel*, 296 F.2d 918 (2d Cir 1961), is also unavailing. Mr. Nguyen claims that pursuant to *Kovel*, "*anyone* may qualify as a 'privileged agent' if utilized to improve the attorney's comprehension of information or the client's comprehension of legal advice." Dkt. No. 19 at 7 (emphasis in original). This assertion, however, grossly

---

[4] *Anderson* applied California law on the scope of the attorney-client privilege. *See Anderson*, 329 F.R.D. at 632. Here, the Court applies federal common law. *See supra* at 5. Mr. Nguyen has not presented evidence that federal common law treats this inquiry differently than California law.

overstates *Kovel*'s holding. *Kovel* involved an accountant hired by the client's law firm for the purpose of facilitating the communication of complicated tax implications between the client and attorney. *Kovel*, 296 F.2d at 919. As that court made clear, third-parties are covered by the attorney-client privilege only if the party acts as the attorney's agent. *Id.* at 922; *see also, e.g.*, *Richey*, 632 F.3d at 566 ("[t]he attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice"); *Bronsink v. Allied Prop. & Cas. Ins. Co.*, No. 09-cv-00751, 2010 WL 597489, at *2 (W.D. Wash. Feb. 16, 2010) ("Generally, when a third party intrudes on these communications, whether intentionally or unintentionally, those communications lose the privilege. An exception exists when that third party is an agent of the attorney or the client and they are essential to the giving of legal advice.") (Internal citations removed). This is simply not the case for Mr. Nguyen.

Furthermore, Mr. Nguyen has failed to present sufficient evidence to show that Dr. Wright's difficulty communicating necessitates a liaison. The only analogous case the Court has seen in the parties' briefing is that of *Witte v. Witte*, 126 So. 3d 1076 (Fla. Dist. Ct. App. 2012). In that case, the court recognized that, under Florida law (and not federal common law), a 74 year old woman who suffered short term memory loss, glaucoma, and deafness and who required translation of documents from a foreign language she could not read, might be able to utilize her daughter to facilitate communications with the mother's attorney. *Id.* at 1077. It is notable that the appellate court in that case remanded the matter to the trial court for further factual development as to how reasonably necessary the aid of the daughter was. *Id.* at 1078–79.

Here, Mr. Nguyen fails to even come close to this level of necessity. He does not contend that Dr. Wright possesses any specific hindrance or disability that impedes his ability to

communicate. Mr. Nguyen does not claim Dr. Wright is constrained by language barriers or infirmity. To the contrary, Mr. Nguyen has described Dr. Wright as a "headline speaker" at conferences around the globe. Dkt. No. 8 at 11. And as Plaintiffs point out, Mr. Wright has asserted under oath in the Southern District of Florida case that he has an LLM, has completed solicitor training in the United Kingdom, and taught law at a university level. Dkt. No. 24 at 4.

The Court finds that Mr. Nguyen's role as Dr. Wright's litigation liaison does not entitle him to the protection of the attorney-client privilege. Thus, any communications involving Mr. Nguyen serving in that capacity, are not protected by the privilege and Mr. Nguyen must testify as to their contents.

Nor does Mr. Nguyen's reliance on his former positions at nChain save him from this conclusion. To be sure, attorney-client privilege applies in the corporate context and protects the communications of both corporate officers and employees. *See Upjohn Co. v. United States*, 449 U.S. 383, 394–95 (1981); *see also Graf*, 610 F.3d at 1158 ("[i]n *Upjohn*, the Supreme Court held that a corporation's privilege extends to communications between corporate employees and corporate counsel as long as the communications are 'made at the direction of corporate superiors in order to secure legal advice'") (quoting *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996)). Thus, any communication conducted by Mr. Nguyen as nChain's CEO or Chair of its Strategic Advisory Board in order to secure legal advice on its behalf is protected by the attorney-client privilege. Plaintiff, however, has specifically eschewed the right to seek additional testimony on these sorts of communications. Dkt. No. 24 at 2. Thus, the corporate attorney-client privilege affords Mr. Nguyen no protection against this motion.

### B. Common Interest Doctrine

Mr. Nguyen's reliance on the common interest doctrine is similarly unavailing. Under federal common law, the common interest doctrine serves as an exception to the rule that attorney-client privilege is waived when the communication is voluntarily disclosed to a third-party. *Baden Sports, Inc. v. Kabushiki Kaisha Molten*, No. 06-cv-0210, 2007 WL 1185680, at *1 (W.D. Wash. Apr. 20, 2007) (citing *United States v. Zolin*, 809 F.2d 1411, 1415 (9th Cir. 1987), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997)); *see also In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("[r]ather than a separate privilege, the 'common interest' or 'joint defense' rule is an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other"). The exception applies where (1) the communication was made by separate parties in the course of a matter of common interest; (2) the communication was designed to further that effort; and (3) the privilege has not been waived. *Baden Sports*, 2007 WL 1185680, at *1 (citing *In re Bevill, Bresler & Schulman Asset Mgmt. Corp.*, 805 F.2d 120, 126 (3d Cir. 1986)).

A "common interest," however, means more than just "a shared desire to see the same outcome in a legal matter." *In re Pac. Pictures Corp.*, 679 F.3d at 1129. "Instead, the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." *Id.*[5] Further, the interest in question must relate to a

---

[5] Mr. Nguyen identifies two common interest agreements: one signed between Dr. Wright and Mr. Nguyen on nChain's behalf in April of 2018 while Mr. Nguyen still served as nChain's CEO ("2018 Agreement") and the other signed in April 2020 shortly before his deposition between Dr. Wright, Mr. Nguyen in his personal capacity, and nChain's current holding company ("2020 Agreement"). Dkt. No. 19 at 5.

"common *legal*, as opposed to commercial, interest." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 579 (N.D. Cal. 2007) (quoting *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 447 (S.D.N.Y. 1995)) (emphasis added).

In line with its previous determination, the Court concludes that the common interest doctrine cannot stretch the attorney-client privilege so far as to cover the communications Mr. Nguyen seeks to protect. Mr. Nguyen does not claim to have an individual stake in the litigation. Instead, Mr. Nguyen claims his interest stems from his position as Dr. Wright's litigation liaison. Dkt. No. 20 at ¶ 21 ("I have a common interest with nChain and Dr. Wright . . . because I continue to act as Dr. Wright's liaison with his litigation counsel"). As the Court has already held, litigation liaison is not a valid ground for asserting attorney-client privilege. Protecting a non-existent privilege, then, cannot serve as a common legal interest.

Reliance on his former positions at nChain again does not save Mr. Nguyen from this conclusion. While communications conducted by Mr. Nguyen while planning the strategy of nChain related to this litigation are privileged, these are not the communications Plaintiffs are seeking. The Court, therefore, finds that Mr. Nguyen's assertion of privilege pursuant to the common interest doctrine cannot be sustained.

## V.     CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiffs' second motion to compel compliance with a subpoena, Dkt. No. 15, and STRIKES AS MOOT Mr. Nguyen's motion to seal, Dkt. No. 18. Further, the Court hereby ORDERS the parties to meet and confer to agree on redactions for the transcript of Mr. Nguyen's deposition. Dkt. No. 21. The parties shall either file a redacted transcript within three (3) business days of this order or report to the Court with any

disputes for the Court to resolve.

DATED this 13th day of May, 2020.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

11